Abel A. FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–03–128–CR.

Court of Appeals of Texas,
Corpus Christi—Edinburg.

Jan. 29, 2004.

Rehearing Overruled March 11, 2004.

G. Rudolph Garza, Jr., Corpus Christi, for appellant.

Patrick L. Flanigan, Dist. Atty., Sinton, for state.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

This is an appeal from revocation of Abel Flores's community supervision for possession of cocaine.[1] The trial court sentenced Flores to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a $1,500 fine and court costs. In a single issue, Flores challenges the trial court's revocation of his community supervision based on the fruits of an illegal traffic stop. We affirm.

---

1. *See* Tex. Health & Safety Code Ann. § 481.115 (Vernon 2002).

## I. FACTS AND PROCEDURAL BACKGROUND

The trial court placed Flores on community supervision in May 2001. His conditions of supervision included abstaining from the consumption of alcohol in any form (Condition 17). Around 1:45 the morning of January 2, 2003, a patrolling San Patricio Deputy Sheriff stopped Flores based on: (1) an anonymous tip reporting an intoxicated driver in the area; and (2) the deputy's observations of Flores's driving. After pulling Flores over, the deputy concluded that Flores was intoxicated and called for back-up. The back-up officer arrived and spoke with Flores. He, too, concluded that Flores was intoxicated. He arrested Flores for driving while intoxicated. Several days later, Flores admitted to his probation officer that he had six beers before his arrest.

The State filed a motion to revoke alleging, among other violations, that on or about January 2, 2003, Flores consumed alcohol in violation of Condition 17. Flores pleaded "not true" to each of the allegations. The trial court found that Flores had violated the terms and conditions of his community supervision and revoked it. This appeal ensued.

## II. PRESERVATION OF ERROR

### A. The Record

Flores filed a pre-revocation motion to suppress: (1) all testimony of law enforcement officers regarding the traffic stop, Flores's arrest, and subsequent events; and (2) all oral and written statements Flores made during and after the stop. Although it is not clear from the record, the trial court apparently carried the suppression motion with the revocation hearing. No written order denying the suppression motion appears in the record. However, the parties presented evidence regarding the traffic stop and argued the legality of the stop at the close of evidence. Flores presented case law supporting his position that he had not committed a traffic offense before being stopped. The State argued that the deputy was justified in stopping Flores: (1) to investigate a possible driving-while-intoxicated offense or; (2) in fulfillment of the deputy's community caretaking function. At the close of argument, the trial court revoked Flores's community supervision but did not expressly rule on the suppression motion. Nor did the trial court make any fact findings.

### B. Waiver Principles

A motion to suppress is a specialized objection to the admissibility of evidence. *Morrison v. State*, 71 S.W.3d 821, 826 (Tex.App.-Corpus Christi 2002, no pet.) (citing *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App.1981) (op. on reh'g)). Therefore, a suppression motion must meet the requirements of an objection. *Morrison*, 71 S.W.3d at 826 (citing *Mayfield v. State*, 800 S.W.2d 932, 935 (Tex.App.-San Antonio 1990, no pet.)). It must be timely and sufficiently specific to inform the trial court of the complaint. *Morrison*, 71 S.W.3d at 826 (citing Tex. R.App. P. 33.1(a)(1)(A); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995)). The specificity requirement has a dual objective: (1) to inform the trial court of the basis for the objection; and (2) to provide opposing counsel the opportunity to cure the objection or supply other testimony. *Morrison*, 71 S.W.3d at 826 (citing *Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App. 1990) (per curiam); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App.1977) (op. on reh'g); *Callahan v. State*, 937 S.W.2d 553, 557 (Tex.App.-Texarkana 1996, no pet.)).

When a trial court overrules a suppression motion before trial, the accused

need not object during trial to the same evidence to preserve error on appeal. *Wilson v. State*, 857 S.W.2d 90, 93 (Tex. App.-Corpus Christi 1993, pet. denied) (citing *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App.1986)). However, the accused waives any error caused by admission of the evidence, despite the pretrial ruling, by affirmatively asserting during trial "no objection" to admission of the evidence. *Moraguez*, 701 S.W.2d at 904.

We assume, without deciding, that Flores's broadly worded suppression motion sought exclusion of the oral admission Flores made to his probation officer after his arrest.[2] Thus, the issue presented by this case is whether, to preserve error, an accused must object to admission of evidence subject to a suppression motion during a unitary proceeding in which the trial court carries the motion with the merits.

### C. Waiver Analysis

#### 1. Unitary Proceeding

■ The record reflects that the trial judge was fully aware of the basis on which Flores asserted that the evidence obtained as a result of the traffic stop should be suppressed. *See Morrison*, 71 S.W.3d at 826. Flores gave the trial court an opportunity to rule on the challenge Flores presented. *See id.* We find that the State was not operating at a disadvantage. *See id.* There was no other evidence that the State could have offered to prove its case. *See id.* Thus, the State could not cure the objection or supply other testimony. *See id.* It strikes us as an efficient use of the court's time and scarce judicial resources to carry a suppression motion with a revocation proceeding, even if to do so may seem more unorthodox

than carrying the motion with a trial on the merits. *See id.* The procedure employed by the trial court in this case, in and of itself, should not result in waiver of appellate review of questions presented to the trial court and argued by the parties. *See id.* In light of the State and Flores's arguments, it would be fatuous for us to hold that Flores waived his suppression issue by not obtaining a pre-revocation ruling. *See id.* On this record, we find that the trial court implicitly overruled Flores's suppression motion when it revoked his community supervision. *See* Tex.R.App. P. 33.1(a)(2)(A); *see also Gutierrez v. State*, 36 S.W.3d 509, 511 (Tex. Crim.App.2001). Therefore, we hold that the unitary suppression/revocation proceeding in this case allowed for the preservation of error. *See Morrison*, 71 S.W.3d at 826 (citing *Gearing v. State*, 685 S.W.2d 326, 330 (Tex.Crim.App.1985) (op. on reh'g), *overruled on other grounds, Woods v. State*, 956 S.W.2d 33, 36 n. 2, 38 (Tex. Crim.App.1997)). We turn to the record to determine if Flores did preserve his suppression issues during the unitary proceeding.

#### 2. Unobjected Testimony

Flores's probation officer testified as follows in response to the State's direct examination:

Q. Did Mr. Flores make any admissions to you about whether or not he was in violation of his probation?

[DEFENSE COUNSEL]: Excuse me, Your Honor. I'm going to object to that and ask that I take the witness on voir dire before any further inculpatory statements that Mr. Flores might have been made are properly admonished.

THE COURT: All right. You may.

---

2. *See Green v. State*, 615 S.W.2d 700, 709 (Tex.Crim.App. [Panel Op.] 1980) (holding confession inadmissable because no intervening events broke causal connection between illegal arrest and confession).

[PROSECUTOR]: Well, Judge, I'd like to know what his objection is before—

[DEFENSE COUNSEL]: The objection is that any admissions against interests will be impermissible unless he was Mirandized to the effect that he was susceptible of being—of his statement being used against him in the motion to revoke.

THE COURT: [Prosecutor].

[PROSECUTOR]: Well, let me ask—

Q. Was Mr. Flores in custody when he came to visit you at your—

A. No, he was not.

Q. Okay.

[PROSECUTOR]: Miranda would not then apply, Your Honor.

[DEFENSE COUNSEL]: Excuse me; unless I misunderstood, you said this was on January the 7th?

A. On the 2nd I saw him in custody; on the 7th he saw me in person in my office.

[DEFENSE COUNSEL]: Okay.

THE COURT: So the question was about the 7th.

[DEFENSE COUNSEL]: Okay. Not the 2nd.

THE COURT: Not the 2nd. This is when he went to her office.

[DEFENSE COUNSEL]: And—okay.

THE COURT: You may answer the question. Do you remember it?

[PROSECUTOR]: Thank you, Your Honor.

Q. [BY PROSECUTOR] What admissions or comments did Mr. Flores make to you about his being in violation of the terms and conditions of his probation?

Let me ask you these one at a time. Did you ask him whether or not he had been drinking alcohol that night?

A. Yes.

Q. Did he tell you whether or not he had been?

A. Yes.

Q. What was his response to that question?

A. That he drank six beers.

■■■ Thus, Flores neither objected on the basis of his suppression motion nor obtained a ruling on the admissibility of his oral statement. Flores's silence in the face of introduction of evidence he sought to exclude would have been permitted had the trial court denied his suppression motion before the revocation hearing. *See Moraguez*, 701 S.W.2d at 904; *see also Wilson*, 857 S.W.2d at 93. However, the trial court had not ruled yet on the suppression motion when the State introduced evidence of Flores's admission to his probation officer. We conclude, therefore, that the rationale for permitting an accused to stand silent at trial following a pre-trial denial of a suppression motion does not apply when: (1) the trial court has not yet ruled on the motion; and (2) the State offers evidence the accused seeks to exclude. We find that Flores was required to contemporaneously object to evidence he sought to exclude when it was offered during the unitary suppression/revocation hearing. He did not. *See* Tex.R.App. P. 33.1(a)(1)(A); *see also Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim.App.1988) ("While the court is not required to hear any pretrial motion to suppress evidence the accused retains his right to raise any appropriate objection at trial."). We hold that Flores did not preserve error over the trial court's implicit denial of his suppression motion. *See Wilson*, 857 S.W.2d at 94.

### III. CONCLUSION

Accordingly, we overrule Flores's sole issue. Flores's admission to his probation officer that he had consumed alcohol the night of his arrest supports revocation of his community supervision. *See Jones v. State*, 112 S.W.3d 266, 269 (Tex.App.-Corpus Christi 2003, no pet.). We affirm the judgment of the trial court.