NUMBER 13-03-303-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ERIC GUZMAN,                                                                           Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                       

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez and Garza
Memorandum Opinion by Justice Yañez
 
          In a single issue, appellant, Eric Guzman, appeals his convictions for aggravated
sexual assault of a child and for indecency with a child.


 He argues that the trial court
erred in admitting, under Texas Rule of Evidence 404(b), evidence of two extraneous
offenses he committed. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
Preservation of Error
          The State argues that appellant failed to preserve his right to complain concerning
the admission of evidence of two extraneous offenses.


 To preserve error over admission
of extraneous-offense evidence, an accused must first object under rule 404(b) of the rules
of evidence. Tex. R. Evid. 404(b); Montgomery v. State, 810 S.W.2d 372, 386 (Tex. Crim.
App. 1991) (op. on reh’g); Saldivar v. State, 980 S.W.2d 475, 491 (Tex. App.–Houston
[14th Dist.] 1998, pet. ref’d). The State then must demonstrate that the proffered evidence
is relevant apart from its tendency to show that the accused is a criminal, such as “proof
of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident.” Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at 387; Saldivar, 980 S.W.2d
at 491. The State then should articulate the limited purpose for which the evidence is
offered. Montgomery, 810 S.W.2d at 388; Saldivar, 980 S.W.2d at 491. In considering the
relevancy of the evidence, the trial court must determine, at the proffer of the evidence,
that a jury reasonably could find beyond a reasonable doubt that the accused committed
the extraneous offense. Saldivar, 980 S.W.2d at 491.
          If the trial court determines that the extraneous-offense evidence is relevant, the
accused then must object under rule 403 and obtain a ruling as to whether the probative
value of the evidence is substantially outweighed by its prejudicial effect. See Tex. R. Evid.
403; Montgomery, 810 S.W.2d at 388; Saldivar, 980 S.W.2d at 492. When “the trial court
is called on by sufficient objection to balance probativeness and prejudice, the presumption
is now that probativeness is the weightier consideration unless in the posture of the
particular case, the trial court determines otherwise.” Montgomery, 810 S.W.2d at 388. 
          Accordingly, an objection under both rules 404(b) and 403 is required to preserve
error over the admission of evidence of an extraneous offense. Id. Further, when an
extraneous offense is admitted in the culpability phase of a trial without a limiting instruction
at the time of admission, it may result in the jury drawing an impermissible inference about
the accused’s guilt based on character conformity. Hammock v. State, 46 S.W.3d 889,
894 (Tex. Crim. App. 2001). However, an accused subsequently waives error by
affirmatively asserting he has “no objection” to the admission of improper evidence. Flores
v. State, 129 S.W.3d 169, 172 (Tex. App.–Corpus Christi 2004, no pet.) (citing Moraguez
v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)).
Application
           In a hearing outside the presence of the jury, the State argued that during cross-examination, appellant urged the defensive theories of lack of opportunity, identity, and
fabrication, and that the extraneous-offense evidence should therefore be admitted. In
response, appellant objected under rule 404(b), claiming that the State was engaging in
character assassination and was not rebutting any defensive theory. See Tex. R. Evid.
404(b). Additionally, appellant argued that the evidence was more prejudicial than
probative under rule 403. See id. at rule 403. The trial court ruled that the extraneous-offense evidence was admissible, and at the request of defense counsel, gave a limiting
instruction to the jury, both orally and in the charge of the court. The State then
commenced presentation of evidence of both extraneous offenses.
          As to the extraneous offense of sexual assault against J.M., appellant properly
preserved error by: (1) objecting under both rules 404(b) and 403; (2) obtaining a ruling
on such objections; and (3) obtaining a limiting instruction after the evidence was ruled
admissible. See Montgomery, 810 S.W.2d at 387-88; Hammock, 46 S.W.3d at 894;
Saldivar, 980 S.W.2d at 491. However, appellant did not preserve error as to the
extraneous offense against S.S. At the time the State offered the videotaped interview in
which S.S. claimed he and appellant had engaged in consensual sexual acts, appellant
was asked if he had any objection to the exhibit, and he answered, “no.” Thus, because
appellant affirmatively stated that he had no objection to the admission of the extraneous-offense evidence, he waived his previous objection and forfeited his right to complain about 
the admission of evidence relating to appellant’s act with S.S. See Flores, 129 S.W.3d at
172. 
          Accordingly, we now address only whether the trial court abused its discretion in
ruling that the extraneous-offense evidence regarding the sexual assault against J.M. was
admissible. 
Sexual Assault Against J.M.
          Appellant argues that the evidence was inadmissible under rule 404(b) because he
did not urge the defensive theories of identity, fabrication, and lack of opportunity at trial. 
We hold that the extraneous-offense evidence was admissible as a rebuttal to the
defense’s “lack of opportunity” theory urged by appellant during cross-examination.
          In reviewing the trial court’s admission or exclusion of evidence, we apply an abuse-of-discretion standard. See Montgomery, 810 S.W.2d at 379-80. An abuse of discretion
occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding
rules and principles. Id. at 380. Therefore, we uphold a trial court’s evidentiary ruling if it
is reasonably supported by the record and is correct under any theory of law applicable to
the case. Jones v. State, 833 S.W.2d 118, 125 n.15 (Tex. Crim. App. 2002); State v.
Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We do not reverse a trial court’s
evidentiary ruling on a theory of admissibility or inadmissability not raised at trial. Martinez
v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 1992). 
          When the defensive theory of “lack of opportunity” is asserted in an opening
statement or on cross-examination, the State may present extraneous-offense evidence
to rebut the theory. Powell v. State, 63 S.W.3d 435, 439-50 (Tex. Crim. App. 2001). In
Powell, the defendant was charged with aggravated sexual assault of a child. The defense
asserted that the defendant lacked the opportunity to commit the assault because there
were other children present at the slumber party where the assault occurred. Id. The court
held that this defense theory permitted the State to offer evidence about other occasions
where the defendant had assaulted girls at his home during slumber parties. Id. In
allowing the extraneous-offense evidence, the State proved that the defendant did, in fact,
have the opportunity to sexually assault the victim even though other children were present
at the slumber party. Id. 
          In comparison, here, appellant cross-examined the victim as follows:
Q: [Defense Counsel] So if the staff person isn’t looking directly into that room
there’s no way he can see anything?
 
A: [D.R.] Yes, sir.
 
Q: Is that correct? Okay. But if that staff person is awake, surely he can hear
things happening, correct?
 
A: Yes, sir.
 
Q: For some reason whoever that staff person was out there that night he didn’t
hear anything going on in your room?

In pursuing this line of questioning, defense counsel likely was attempting to show the jury
that appellant lacked the opportunity to commit the offense because there was a staff
person on duty who would have heard or seen the act. In an attempt to rebut this theory,
the State presented evidence of a previous sexual assault committed by appellant against
J.M. That sexual assault took place only a month prior to, and in the same “ICU” unit as,
the offense in this case. The State attempted to show that appellant was successful in
sexually assaulting J.M. while remaining undetected in the same setting as the sexual
assault against the victim in this case. 
          Thus, we conclude that the trial court did not abuse its discretion by allowing the
State to offer evidence of the extraneous offense of sexual assault against J.M. in order
to rebut the theory of “lack of opportunity” asserted by appellant. See Powell, 63 S.W.3d
at 439-50. We overrule appellant’s issue. Accordingly, we affirm the judgment of the trial
court. 
                                                                                                                                                                                                                       LINDA REYNA YAÑEZ
                                                                            Justice


Do not publish. Tex. R. App. P. 47.2(b)
Memorandum Opinion delivered and filed this the
26th day of August, 2004.