NO. 07-04-0014-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 1, 2004
_____

NORMAN COLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400,311; HON. JIM BOB DARNELL, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Norman Cole appeals his conviction for indecency with a child. In four issues, he argues that 1) the trial court erred in overruling his motion to suppress his statement, 2) the trial court erred in granting challenges for cause against two prospective jurors whom he was not allowed to question, 3) his trial counsel was ineffective by failing to preserve error when a law enforcement officer testified about appellant's state of mind, and 4) the trial court erred in withholding the victim's school records from the defense. We affirm the judgment.

## Issue One - Motion to Suppress

In his first issue, appellant contends the trial court erred in refusing to grant his motion to suppress his statement in which he admits that on one occasion he "gently stroked" the vaginal area of his eight-year-old stepdaughter. We overrule the issue.

When the statement was tendered for admission at trial, appellant said that he had "[n]o objection." It is well settled that after a trial court overrules a motion to suppress, the defendant is not required to object to the evidence at trial. However, affirmatively stating at trial that he has no objection waives any complaint he had. *Moraguez v. State,* 701 S.W.2d 902, 904 (Tex. Crim. App. 1998); *Flores v. State,* 129 S.W.3d 169, 171-72 (Tex. App.–Corpus Christi 2004, no pet.); *Graham v. State,* 96 S.W.3d 658, 659-60 (Tex. App. –Texarkana 2003, pet. ref'd). So, because appellant announced he had no objection to admission of the evidence, any error in receiving it was waived.

## Issue Two - Challenges for Cause

In his second issue, appellant complains that the trial court granted two challenges for cause by the State after denying him the right to question those jurors. We overrule the issue.

To the extent that the trial court prevented appellant from asking any questions of two potential venire members once the State challenged them for cause, the record does not disclose the questions appellant sought to propound. Appellant did not inform the trial court of their nature nor include them in a bill of exceptions. Thus, the error, if any, was waived. *See Caldwell v. State*, 818 S.W.2d 790, 793-94 (Tex. Crim. App. 1991), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 399 (1992), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995) (holding that one preserves

2

his complaint about being unable to ask questions during voir dire by presenting the specific question to the trial court and obtaining an adverse ruling); *Aquino v. State,* 710 S.W.2d 747, 752 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd) (holding that error was waived since the defendant failed to make a bill of exceptions as to the questions he wished to pose to the prospective juror).

### *Ineffective Assistance of Counsel*

Appellant contends in his third issue that his counsel was ineffective in failing to preserve error regarding the testimony of Sergeant Trevino. We overrule the issue.

The purported ineffectiveness occurred during the following exchange with Trevino:

Prosecutor: Obviously in your law enforcement and experience background, Sergeant, when a person touches a genital area, what is that typically done for?

Defense Counsel: Judge, I am going to object. Once again, he is getting into what someone's state of mind would be. He is not a psychologist. He is not an expert in that field.

THE COURT: Overruled.

Prosecutor: ... What is that typically done for, if you touch in a genital area?

Trevino: For pleasure.

Prosecutor: Sexual pleasure?

Trevino: Yes, sexual pleasure.

Though counsel objected, he purportedly failed to preserve the objection by not again complaining after the prosecutor again asked the question and sought clarification of the answer. This, the argument goes, evinced conduct below objective standards of professional norms.

Assuming *arguendo* that the objection actually uttered failed to preserve error, an argument appellant does not develop or support with authority, we cannot say that appellant established his claim of deficient performance. The record fails to disclose why counsel did not reiterate his objection, again assuming reiteration was necessary. He may well have withheld additional comment to avoid bringing further attention to the matter, and that could constitute sound trial strategy. *See e.g. Duren v. State,* 87 S.W.3d 719, 734 (Tex. App.–Texarkana 2002, no pet.) (stating that the failure to object to testimony may be explained as reasonable trial strategy to not draw the jury's attention to the testimony). So, given the absence of evidence regarding counsel's motives, if any, underlying his silence, the presumption of effectiveness granted counsel, and the great deference we accord decisions made by defense counsel, we cannot say that appellant proved that the act in question evinced any deficiency in performance. *Johnson v. State*, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002); *see Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (discussing the applicable standard of review and stating that seldom will the record on direct appeal be sufficient to establish a claim of ineffective assistance).

### Issue Four - Victim's School Records

In his last issue, appellant claims that the trial court erred in withholding the victim's school records from the defense. We overrule the issue.

Appellant subpoenaed the victim's school records. The custodian of the records would not agree to provide them without a court order, and the guardian ad litem for the child also opposed their production. Thereafter, the trial court reviewed the records, *in camera*, and ordered that only a daily log of the victim's absences from school from February through May of 2002 be produced.

4

Although appellant argues on appeal that he was trying to find documentation of changes in the child's behavior as well as an accident at school which may have injured the child's vagina, the record fails to reflect that he requested any particular ruling below.[1] Nor did he object to the ruling of the trial court or indicate, in any way below, that the trial court's decision may have been erroneous. Nor does he present us with argument explaining why the trial court's decision may have been wrong. Indeed, he does not even contend that it erred. Rather, he simply wants us to look at the records which were provided under seal and determine for ourselves if they contain relevant matter.

A fundamental principle of error preservation is that the trial court must be made aware of the complaint at a time and manner so it can be corrected. *Loredo v. State,* No. 1074-03, slip op, 2004 Tex. Crim. App. LEXIS 635 at 7(Tex. Crim. App. April 7, 2004); *see also* TEX. R. APP. P. 33.1(a)(1)(A) (stating that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the specific grounds are apparent from the context). Because appellant failed to complain to the trial court and fails to contend here that the trial court erred, nothing was preserved for review.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

---

[1] The record indicates that the school district moved for a protective order.