NO. 07-04-0585-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 29, 2005

_____

WAYNETTA DEMETRIS ROBERSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 3857; HON. STEVEN R. EMMERT, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Waynetta Demetris Roberson (appellant) appeals her conviction for possessing a controlled substance, namely, cocaine. Through two issues, she contends 1) that the trial court erred in overruling her motion to suppress and 2) the evidence was both legally and factually insufficient to support her conviction.[1] We affirm.

---

[1]The State, in its brief, re-urges the court to dismiss appellant's appeal due to the fact she escaped prior to the end of trial and remained a fugitive for approximately three years. We addressed this issue in our opinion dated September 7, 2005. We, again, deny the motion for the reasons stated in our prior opinion.

### *Issue One - Suppression of the Evidence*

In her first issue, appellant contends that the trial court erred by failing to grant her motion to suppress. In it, appellant claimed that the officer lacked probable cause to search the car and exceeded the scope of appellant's consent to search the trunk by searching under the car hood. Therefore, any evidence discovered from that illegal search should be suppressed, she concludes. We overrule the issue.

At trial, when the State offered the cocaine into evidence, defense counsel responded with "[w]e have no objection to the admission." Because appellant affirmatively stated, through counsel, that she had no objection, she waived any complaint she had to the admission into evidence of the controlled substance. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1998); *Flores v. State*, 129 S.W.3d 169, 171-72 (Tex. App.–Corpus Christi 2004, no pet.); *Graham v. State*, 96 S.W.3d 658, 659-60 (Tex. App.–Texarkana 2003, pet. ref'd).

### *Issue Two - Insufficiency of the Evidence*

Next, appellant contends the evidence was legally and factually insufficient to support her conviction for possession. This is so, according to appellant, because the State failed to show the necessary affirmative links between her and the cocaine. We overrule the issue.

The applicable standards of review are well settled and found in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State*, 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State*, 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v.*

*State*, 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the litigants to those cases for review.

Next, one may not be convicted of possessing a controlled substance, as a principal actor, unless he 1) exercised actual care, control, or custody of it, 2) was conscious of his connection with it and 3) knew what it was. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App.1995); *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a) (Vernon 2003). Furthermore, the courts have divined numerous factors useful in determining whether the accused's link to the contraband was more than mere fortuity. Though not an exclusive list, they include such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible to those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband involved. *Kyte v. State*, 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State*, 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, no pet.). Of note is that the number of factors present is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Wallace v. State*, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). In other words, if

3

evidence satisfying less than all of the aforementioned indicia is produced, conviction may still be permitted if it nonetheless illustrates, beyond reasonable doubt, appellant's knowing link to the drugs.

Here, the cocaine was found within the air filter housing adjacent to the vehicle's motor. The actual air filter had been removed and placed in the trunk. Additionally, appellant was in sole possession of the rental car at the time, though a three or four-month-old infant was also present. Appellant represented to the officer that the child was hers, but, this was later determined to be a falsehood. According to the officer, those involved in drug trafficking often use the presence of a child as a guise to secret what is actually occurring. So too did appellant inform the arresting officer that she was traveling from Texas to Oklahoma. Yet, when asked from where in Texas she had journeyed, she did not remember or say. Nor did her stories about whom she had visited in Texas comport with each other. At one time she indicated she had visited a friend. At another, she indicated that she had visited her husband. Moreover, she had no luggage and emanated a body odor indicative of someone who had not bathed in a while. The interior of the vehicle also appeared as if it had been lived in.

Additionally, her actions were those of a nervous person. For instance, she once attempted to start the car while it was already running. So too did she appear to be avoiding direct eye contact with the officer. And, when asked to exit the car after the officer searched its trunk, she cursed in a manner indicating that "she had been caught at something." Appellant also appeared "terrified" when the officer decided to look under the hood of the vehicle and in the air filter housing wherein lay the contraband. A response to questioning by the officer about the item's identity further provided evidence that she was

4

aware of its presence. That is, when asked if she knew what it was, appellant answered that she did not know "'exactly.'"

Inspection of the vehicle's ashtray also uncovered marijuana residue. And, according to the officer, he believed she had been "smoking some weed." Finally, and most telling, appellant absconded once her trial began. It continued in her absence, and she was captured several years later.

The foregoing recitation evinces that more than some evidence appeared of record permitting a rational jury to conclude, beyond reasonable doubt, that appellant knew of and exercised care, custody and control over the cocaine. And, that not all the affirmative links were established does not require us to hold that the verdict was clearly wrong or unjust. Those links that were shown to exist were more than enough to render the verdict both legally and factually sufficient.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

5