NO. 07-05-0201-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 1, 2006


______________________________



ALBERT LAWRENCE EHRET, 



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 50,187-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Albert Lawrence Ehret (appellant) appeals his conviction for possessing marihuana. 
Via two issues, he contends that the trial court erred in 1) denying his motion to suppress
evidence and admitting evidence obtained as a result of an unlawful search and 2) denying
him "his absolute right to create a bill of exception." We overrule each issue and affirm the
judgment. 

 


 

 Motion to Suppress and Admission of Evidence

 Regarding the initial point, we note that when the State proffered, at trial, the
evidence at issue, appellant uttered that he had no objection to its admission. By so
stating, he waived any complaint he had about the admissibility of the evidence. Moraguez
v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (holding that while a defendant need
not object to the admission of evidence at trial once his motion to suppress is overruled,
stating at trial that he has no objection to its admission waives any complaint he had);
Flores v. State, 129 S.W.3d 169, 171-72 (Tex. App.-Corpus Christi 2004, no pet.) (stating
the same).

 Bill of Exceptions

 Regarding the chance to make a bill of exceptions, the evidence appellant allegedly
believed relevant concerned his motion to suppress. It allegedly encompassed the
"method the troopers used to obtain consent to search, inconsistent testimony as to
reasonable suspicion and probable cause, and the privacy interests the passengers had
in the vehicle." Assuming arguendo that the trial court did hamper appellant's ability to
perfect a bill, we cannot see how it harmed him. Again, he waived any complaint he had
about the admissibility of the evidence obtained as a result of the detention and search. 
Having waived any complaint about the admission of the evidence, how it was acquired no
longer matters. And, the topics to be covered in the bill of exceptions pertained to how the
State acquired it. 

 Accordingly, we affirm the judgment of the trial court.



 Brian Quinn

 Chief Justice

Do not publish.



 filed, we have no jurisdiction to
consider the appeal. Accordingly, we must and do hereby dismiss this appeal. (1) 

 

 Per Curiam 

Do not publish. 

 
1. However, appellant may have a remedy by filing a post-conviction writ of habeas corpus returnable
to the Texas Court of Criminal Appeals pursuant to article 11. 07 of the Texas Code of Criminal Procedure
for consideration of an out-of-time appeal. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001).