NO. 07-05-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 1, 2006

______________________________

ALBERT LAWRENCE EHRET, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 50,187-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Albert Lawrence Ehret (appellant) appeals his conviction for possessing marihuana.  Via two issues, he contends that the trial court erred in 1) denying his motion to suppress evidence and admitting evidence obtained as a result of an unlawful search and 2) denying him “his absolute right to create a bill of exception.”  We overrule each issue and affirm the judgment.  

Motion to Suppress and Admission of Evidence

Regarding the initial point, we note that when the State proffered, at trial, the evidence at issue, appellant uttered that he had no objection to its admission.  By so stating, he waived any complaint he had about the admissibility of the evidence.  
Moraguez v. State
, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (holding that while a defendant need not object to the admission of evidence at trial once his motion to suppress is overruled, stating at trial that he has no objection to its admission waives any complaint he had); 
Flores v. State
, 129 S.W.3d 169, 171-72 (Tex. App.
–
Corpus Christi 2004, no pet.) (stating the same)
.

Bill of Exceptions

Regarding the chance to make a bill of exceptions, the evidence appellant allegedly believed relevant concerned his motion to suppress.  It allegedly encompassed the “method the troopers used to obtain consent to search, inconsistent testimony as to reasonable suspicion and probable cause, and the privacy interests the passengers had in the vehicle.”  Assuming 
arguendo
 that the trial court did hamper appellant’s ability to perfect a bill, we cannot see how it harmed him.  Again, he waived any complaint he had about the admissibility of the evidence obtained as a result of the detention and search.  Having waived any complaint about the admission of the evidence, how it was acquired no longer matters.  And, the topics to be covered in the bill of exceptions pertained to how the State acquired it.  

Accordingly, we affirm the judgment of the trial court.

Brian Quinn

          Chief Justice

Do not publish.