NO. 07-05-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 14, 2006

______________________________

TYRONE BERNARD MACK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 228
th
 DISTRICT COURT OF HARRIS COUNTY;

NO. 966216; HON. MARC CARTER, PRESIDING

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Dissenting Opinion

I would overrule appellant’s complaint about his purported inability to voir dire the jury.  Simply put, he waived the matter.  

The record certainly reveals that appellant, through his counsel, sought to propound one more question to the jury after his allotted time for voir dire expired.  So too does the record show that the trial court denied appellant the chance to ask the question.  Yet, after voir dire ended, the litigants exercised their peremptory strikes, and the names of those comprising the jury were announced, the trial court asked:  “. . . Defense, any objection to the jury as seated?”  Appellant, through his counsel, responded:  “No objection, Your Honor.”  

It is clear that one must preserve, through objection, complaints about conduct occurring at trial.  
See Turner v. State
, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (so noting).  So too is it clear that an objection formerly preserved may later be waived.  For instance, an appellant expressly informing the trial court that he has “no objection” to evidence he previously tried to suppress is a case in point.  By telling the court that he has no objection to the evidence, the complainant waives any error in the admission of that evidence.  
Moraguez v. State
, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); 
Flores v. State
, 129 S.W.3d 169, 171-72 (Tex. App.–Corpus Christi 2004, no pet.).  This result is quite logical for one cannot be allowed to complain about that which he approved or helped instigate.  And, this is no less true here.  

The topic which appellant sought to broach during voir dire concerned potential bias of the jury.  Admittedly, exploration of that subject was a means of affording him opportunity to assess whether various members of the venire were unacceptable by law or choice.  Yet, in telling the trial court that he had “no objection” to the jury ultimately selected, appellant implicitly, if not explicitly, revealed his approval of those factfinders ultimately chosen.  Having voiced his approval of those selected, appellant should be precluded, on appeal, from trying to attack those he approved.
(footnote: 1)  So, for the reasoning implicit in 
Moraguez
 and its progeny, I conclude that appellant waived any complaint he had to the trial court’s decision to limit voir dire as it did.

 

Brian Quinn

          Chief Justice

Do not publish.

 

FOOTNOTES
1:
I do not purport to address a situation wherein it is later discovered that a venire member may have withheld information or lied during voir dire.  Nor do I address situations wherein conduct occurring or circumstances arising after voir dire may create basis for removing the juror.