

# NUMBER 13-10-00626-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**LORA GARCIA**
**A/K/A LORA ANN GARCIA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

_____

### On appeal from the 214th District Court
### of Nueces County, Texas

_____

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Lora Garcia, a/k/a Lora Ann Garcia, appeals her conviction for possession of a controlled substance, methamphetamine, a state-jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). In an open plea hearing, the trial court accepted appellant's confession and sentenced her to a term of two years

of confinement in the Texas Department of Criminal Justice, State Jail Division.  By four issues, appellant argues the trial court erred by:  (1) failing to require the State to sustain its burden of proving "beyond a reasonable doubt" that appellant's detention was based upon reasonable suspicion; (2) failing to require the State to sustain its burden of proving "beyond a reasonable doubt" that the location of the arrest was a high crime area; (3) belatedly allowing the State to admit a police officer's narrative instead of requiring live testimony; and (4) compelling appellant to withdraw her present appeal pursuant to a plea bargain in a subsequent criminal proceeding.[1]  We affirm.

## I. BACKGROUND

Appellant filed a motion to suppress, arguing the detention, stop, arrest, search, and seizure of evidence of methamphetamine was effected without a warrant, probable cause, or reasonable suspicion.  The police officers involved did not appear at the suppression hearing.  Rather, by agreement, the State presented and argued facts from a police officer's narrative.  The narrative states that four police officers were dispatched to George's Restaurant with respect to a nighttime fight involving a knife.  Upon their arrival, the officers approached a person sitting in the passenger side of a car parked behind the restaurant to inquire if she had been involved in or witnessed a fight. Appellant came around the corner of the restaurant, heading for the driver's side of the vehicle.  Upon seeing the officers, appellant looked down at her right hand, turned around, and ran.

While chasing appellant, the officer yelled more than once, "Stop! Police!" Appellant ignored the officer's orders to stop, clutched an item in her hand, and continued to run, looking over her shoulder to see if the officer was following her.  When

---

[1] For convenience, we will address appellant's issues in this order.

the officer ultimately caught up with appellant, she threw something to the ground, causing it to shatter into several pieces. After arresting appellant for evading arrest, the officer recovered the pieces of the broken item. He identified the item to be a glass methamphetamine pipe, containing a white residue.

Appellant's vehicle was impounded at the scene because (1) no licensed driver was available to drive the car; (2) appellant did not have proof of insurance; and (3) prior acts of vehicle vandalism and theft had occurred in the area in the recent past. Appellant stated that the two purses in the vehicle belonged to her. An inspection of the purses revealed a plastic baggie containing "a quantity of whitish clear crystalline substance," which was "consistent with crystal methamphetamine or 'Ice.'" Appellant was charged with possession of a controlled substance and tampering with evidence.

At the end of the suppression hearing, the trial court stated: "I'm going to suppress the tampering with the fabricated [sic] evidence, but I do find that there is sufficient on the possession." Later that day, appellant pleaded guilty to possession of a controlled substance. At a subsequent hearing on the State's motion to amend, the police officer's narrative was admitted into evidence, without objection.

## II. ANALYSIS

### A. Motion to Suppress

In her second issue, appellant argues the trial court erred by not requiring the State to sustain its burden of proving beyond a reasonable doubt[2] that appellant's detention was based on reasonable suspicion. In her third issue, appellant argues the

---

[2] In a motion to suppress setting, the propriety of an arrest or detention need not be proven beyond a reasonable doubt. The State's standard of proof in establishing reasonable suspicion is the one that applies to most constitutional suppression issues: preponderance of the evidence. *York v. State*, 342 S.W.3d 528, 543 (Tex. Crim. App. 2011) (citing *Griffin v. State,* 765 S.W.2d 422, 429–30 (Tex. Crim. App.1989) (applying preponderance of the evidence standard of proof)).

3

trial court erred by not requiring the State to sustain its burden of proving beyond a reasonable doubt that the location of the arrest was a high crime area.

### 1. Preservation of Error

As a preliminary matter, we address the State's assertion that appellant did not preserve her suppression issues for appellate review because she did not obtain a clear ruling on her motion to suppress. Texas Rule of Appellate Procedure 33.1(a)(2)(A) provides the trial court's ruling may be made expressly or implicitly. *See* TEX. R. APP. P. 33.1(a)(2)(A); *see Gutierrez v. State*, 36 S.W.3d 509, 510–11 (Tex. Crim. App. 2001) (remanding case to court of appeals to consider whether trial court's ruling was made implicitly); *Flores v. State*, 129 S.W.3d 169, 172 (Tex. App.—Corpus Christi 2004, no pet) (holding trial court implicitly overruled motion to suppress when it revoked community supervision).

The record does not include a written order on appellant's motion to suppress. However, appellant's motion to suppress asserts:

> the detention and arrest of Defendant and the evidence of methamphetamine was effected without warrant or probable cause or reasonable suspicion in violation of the Fourth and Fourteenth Amendments of the United States Constitution, and of Article I, section 9 of the Texas Constitution, and Article 38.23 and Chapter 14 of the Texas Code of Criminal Procedure.

The trial court's verbal ruling, in the context of the hearing, reflects the trial court's denial of appellant's motion to suppress. *See* TEX. R. APP. P. 33.1(a)(2)(A); *see also Gutierrez*, 36 S.W.3d at 510–11; *Flores*, 129 S.W.3d at 172. In addition, the trial court confirmed that a ruling was made on appellant's motion to suppress, just prior to accepting appellant's guilty plea. We conclude appellant did not waive the right to challenge her detention on appeal.

4

## 2. Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The appropriate standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts and reviewing de novo the trial court's application of the law. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *Maestas v. State*, 987 S.W.2d 59, 62–63 (Tex. Crim. App. 1999).

The trial court is the sole trier of fact and judge of the weight and credibility of the evidence. *See State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). When, as here, the trial court does not make explicit findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling, so long as those findings are supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000) (en banc). If the decision is correct under any theory of law, the ruling will be sustained. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Hernandez v. State*, 190 S.W.3d 856, 861 (Tex. App.—Corpus Christi 2006, no pet.).

## 3. Detention Was Based on Reasonable Suspicion

A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead the officer to conclude the person detained is, has been, or soon will be engaged in criminal activity. *See* U.S. CONST. amend IV; TEX. CONST. art. I, § 9; *see also Terry v. Ohio,* 392

U.S. 1, 21–22 (1968); *Brother v. State,* 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). These facts must amount to more than a mere hunch or suspicion. *Brother*, 166 S.W.3d at 257*; Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The reasonableness of a given detention will turn on the totality of the circumstances in that particular case. *Woods v. State,* 956 S.W.2d 33, 37–38 (Tex. Crim. App. 1997); *Gonzales v. State*, 648 S.W.2d 684, 687 (Tex. Crim. App. 1983).

"A person has not been seized until he or she has yielded to a law enforcement officer's show of authority or when officers physically limit his movement." *California v. Hodari D.,* 499 U.S. 621, 625–26 (1991) (concluding that a police officer's pursuit of defendant on suspicion of narcotics transaction was a "show of authority" enjoining defendant to halt; defendant was not "seized" until officer physically tackled him since defendant did not comply with show of authority; cocaine abandoned by defendant while he was running was not fruit of seizure and was not subject to exclusion); *see also Johnson v. State*, 912 S.W.2d 227, 239 (Tex. Crim. App. 1995) (same); *Prodhomme v. State,* 839 S.W.2d 494, 496–97 (Tex. App.—Corpus Christi 1992, no pet.) (same).

A refusal to comply with a lawful order, knowing the order came from a police officer, constitutes the offense of evading detention. TEX. PENAL CODE ANN. § 38.04(a) (West 2010); *Green v. State*, 892 S.W.2d 217, 218 (Tex. App.—Texarkana 1995, pet. ref'd). Evidence of a headlong flight after noticing the police is a pertinent factor in determining reasonable suspicion. *See Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000) (explaining that headlong flight, wherever it occurs, is the consummate act of evasion; it is not necessarily indicative of wrongdoing, but it is certainly suggestive of wrongdoing); *see also Massey v. State*, No. 13-06-435-CR, 2007 WL 1934758, at *6 fn.

6

33 (Tex. App.—Corpus Christi July 5, 2007, no pet.) (mem. op., not designated for publication).

The officers were at the restaurant that night to investigate an alleged knife fight. Appellant immediately ran when she saw the police officers near her car. Before running, she looked at something in her hand, furtively clutched it, and made a headlong flight from the police. Appellant ignored the officer's repeated orders to stop. While fleeing, appellant took a grassy path instead of the easier paved path. Just before the officer caught up with her, appellant threw something to the ground, which was described as a glass methamphetamine pipe containing a white residue. It broke into several pieces. The officer was aware that the restaurant's owners had a history of selling and using methamphetamines. The officer provided specific articulable facts which led the officer to conclude appellant was engaged in criminal activity. *See Terry,* 392 U.S. at 21–22; *Brother,* 166 S.W.3d at 257. Under the totality of these circumstances, we hold that the trial court did not abuse its discretion in denying appellant's motion to suppress.

Appellant also argues within her first issue that the State did not address appellant's claims that the evidence should be suppressed under Chapter 14 and Article 38.23 of the Texas Code of Criminal Procedure that was contained in her motion to suppress. *See* Tex. Code Crim. Proc. art. 38.23. Appellant has made no specific arguments and has not cited any authority to support these arguments for the suppression of evidence under these provisions. We conclude this sub-issue is inadequately briefed and is waived**.** *See* Tex. R. App. P. 38.1(i); *see also Garza v. State,* 290 S.W.3d 489, 491 (Tex. App.—Corpus Christi 2009, pet. ref'd). We overrule appellant's second issue.

#### 4. High Crime Area

In her third issue, the appellant argues that the trial court erred by not requiring the State to sustain its burden of proving beyond a reasonable doubt that the location of the arrest was a "high crime area." It does not appear that the State's "high crime area" allegation and evidence was relied upon by the trial court on the record before us. Rather, the trial court challenged the State's assertion that the location was a high crime area and stated it could "take judicial knowledge of the fact that . . . it is not a high crime rate area." The trial court agreed with appellant. However, the fact that the stop did or did not occur in a "high crime area" is merely one among many relevant contextual considerations that can be considered in a *Terry* analysis. *Terry*, 392 U.S. at 21–22; *Wardlow*, 528 U.S. at 124–25 (explaining that an officer identified additional articulable facts which gave rise to a reasonable suspicion that the defendant had or was about to be engaged in criminal activity); *Brother*, 166 S.W.3d at 257 (explaining that articulable facts can be acquired from another person). In short, that issue alone, when considered in the context of appellant's other complaints about the trial court's ruling, does not give rise to a reversal of the trial court's judgment. We overrule appellant's third issue.

### B. Subsequently Admitted Report

In her fourth issue, appellant argues the trial court erred by allowing the State to belatedly admit the police officer's narrative instead of requiring the State to provide live testimony at the suppression hearing.

After the suppression hearing, the State filed a motion to amend the trial court's record to include the police officer's narrative, which had not been introduced into evidence during the suppression hearing. In the motion, the State asserted the police officer was unavailable to testify and that the parties agreed the narrative could be used

8

as stipulated evidence for the hearing. During the hearing on the State's motion to amend, appellant's counsel confirmed that appellant agreed the narrative could be used as stipulated testimony. Based upon that representation, the trial court admitted the police officer's narrative and signed an order amending the suppression record hearing to include the narrative.

To preserve error for appellate review, the complaining party must make a timely, specific objection, and obtain an adverse ruling from the trial court. *See* TEX. R. APP. P. 33.1; *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex. Crim. App. 1985); *DeRusse v. State*, 579 S.W.2d 224, 235 (Tex. Crim. App. 1979). Appellant did not object to the trial court's consideration of the police officer's narrative at the suppression hearing or at the subsequent hearing on the State's motion to amend and, therefore failed to preserve this issue for review. We overrule appellant's fourth issue.

## C. Withdrawal of Appeal

By her first issue, appellant argues the trial court erred by compelling her to withdraw her present appeal pursuant to a plea bargain in a subsequent unrelated criminal proceeding.

We first note the present appeal is moving forward, such that no harm can be presented. Further, our review of the record is limited to the evidence before the trial court at the time it ruled. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). We cannot review contentions that depend upon factual assertions that are outside of the trial court's record. *Franklin v. State,* 693 S.W.2d 420, 431 (Tex. Crim. App.1985) (concluding that mere assertions in a brief not supported by evidence in the record will not be considered on appeal); *Davila v. State,* 651 S.W.2d 797, 799 (Tex.

Crim. App. 1983) (determining that assertions in appellate brief unsupported by evidence cannot be accepted as fact).

Appellant attached an uncertified copy of a docket sheet from an unrelated criminal court proceeding. The docket sheet was not made a part of the record in the present appeal, and the record is wholly silent regarding appellant's contention. Further, appellant has made blanket factual assertions in her brief without evidence in the record to support it. In the absence of evidence in support of appellant's claim, we cannot sustain her issue. *See Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). We overrule appellant's first issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(B).

Delivered and filed the
15th day of March, 2012.