

# NUMBER 13-24-00619-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

QUENTIN LAMAR MCCLURE,                                          Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

Pursuant to a plea agreement, appellant Quentin Lamar McClure pleaded guilty to the offense of burglary of a habitation with intent to commit a felony other than theft, a first-degree felony, and the trial court placed him on deferred adjudication community supervision for a period of four years. *See* TEX. PENAL CODE ANN. § 30.02(d). The State

later moved to revoke McClure's supervision, alleging that he violated three separate conditions of his supervision. After a contested hearing, the trial court found two of the allegations "true," revoked McClure's supervision, adjudicated him guilty of the underlying offense, and sentenced him to seven years' incarceration. By a single issue, McClure argues that the evidence was legally insufficient to support the trial court's findings that he violated the terms of his supervision. We affirm.

## I.  BACKGROUND

McClure's estranged wife, Janell Jackson, is the complainant in the underlying offense. McClure was accused of breaking a window at Jackson's house and threatening to shoot her because she would not let him see their three children. The record reflects that Jackson does not allow McClure to see their children because she has serious concerns about his mental health.

Jackson attended the plea hearing, and the State represented to the trial court that the plea agreement reflected Jackson's wishes. The State also represented to the trial court that the conditions of McClure's community supervision were specifically bargained for. One of those conditions required McClure to complete a mental health evaluation, and if deemed "appropriate," participate in the mental health specialized caseload or any other mental health service, whether inpatient or outpatient, as directed.

The State alleged in its motion that McClure violated this condition because he "failed to participate in mental health treatment as directed." McClure pleaded "not true" to this allegation. He acknowledged during his testimony that, pursuant to his mental health evaluation at the Nueces Center for Mental Health and Intellectual Disabilities

2

(MHID), he was placed in "Service Package 1," and a psychiatrist had prescribed him certain medication. However, he told the psychiatrist that he "did not want to take the medication," preferring not to put "chemicals in [his] body that don't come from nature." In making this choice, McClure said he appreciated that he would not be allowed to "participate with the case management" because he was "not compliant with medication." In fact, McClure suggested that he was uniquely familiar with MHID's policies because he previously worked as "a caseworker at MHID." McClure acknowledged that MHID "closed out [his] case" because of his election to not take the prescribed medication.

Denisha Deases, who was not McClure's probation officer but testified as "the custodian of the file," testified similarly. When asked whether McClure participated in the mental health caseload, she testified as follows:

> So he did go do a mental health evaluation on March the 27th of 2024. He signed some paperwork with MHID stating that he would be in Level I care where he would see a psychiatrist, do routine case management, it's where he sees a caseworker, ha[s] visits with the psychiatrist to ensure the medication is working, and do[es] . . . some kind of skills training. This is the last paperwork from March the 27th that we have from MHID. They did not have any paperwork after that, after March of '24, of him going back to MHID.

Deases agreed that this sequence of events meant that McClure had not participated in the mental health caseload as required by the terms of his supervision. The "paperwork" Dease referred to in her testimony was not admitted into evidence.

The trial court found this allegation "true" and disposed of McClure's case as described above. This appeal followed.

## II.     STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision to revoke a defendant's community supervision

for an abuse of discretion. *See State v. Waters*, 560 S.W.3d 651, 661 (Tex. Crim. App. 2018) ("[A] trial judge has broad discretion in ruling on a revocation motion."). "To convict a defendant of a crime, the State must prove guilt beyond a reasonable doubt, but to revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation only by a preponderance of the evidence." *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). In other words, the State need only show that the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his probation. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). Only one sufficient ground is necessary to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Conversely, a trial court abuses its discretion by revoking community supervision when the State has failed to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). We examine the record in the light most favorable to the trial court's ruling. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.).

## III.   ANALYSIS

It is undisputed that McClure complied with the requirement that he submit to a mental health evaluation. McClure argues that the State failed to prove that he "was deemed 'appropriate' for services or was ever given the order of which mental health service to attend." Describing her testimony as "general," McClure notes that Deases was not his probation officer and only testified as "the custodian of [his] file." He also points

out that none of the "paperwork" she based her testimony on was admitted into evidence.[1]

But in solely focusing on the perceived weaknesses in Deases's testimony, McClure fails to contend with his own testimony. McClure himself testified that after taking his mental health evaluation at MHID, he was placed in "Service Package 1" and prescribed certain medication. He further testified that he refused to take the medication knowing that he would not be allowed to "participate with the case management" because he was "not compliant with medication" and that MHID "closed out [his] case" after he informed the psychiatrist of his decision. Deases's testimony merely corroborated McClure's admission that he effectively chose not to participate in mental health services that were deemed "appropriate" by MHID. As Deases explained, "Level 1 care" includes meeting with a caseworker, follow up visits with a psychiatrist "to ensure the medication is working," and participating in skills training.

Viewing the forgoing evidence in the proper light, *see Jones*, 112 S.W.3d at 268,

---

[1] To the extent that McClure also complains on appeal that Deases's testimony was inadmissible because it violated some unidentified rule of evidence, we conclude that he failed to preserve any such argument in the trial court. The formal rules of evidence apply in revocation proceedings. *Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012) (citing TEX. R. EVID. 101(b), (d)(1)). This means that appellate complaints about the admissibility of evidence in a revocation proceeding must be preserved in the trial court with a timely objection. *Flores v. State*, 129 S.W.3d 169, 173 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.); *see* TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a). Here, Deases testified without objection, and thus, there is no evidentiary complaint for us to review. *See Flores*, 129 S.W.3d at 173; TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a). In any event, when conducting a legal sufficiency review, we consider all admitted evidence, including evidence that may have been improperly admitted. *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004).

We also note that McClure does not argue that MHID's compliant-with-medication policy—which apparently prevented him from participating in mental health services—was capricious or unrelated to the purposes of community supervision. *See Leonard v. State*, 385 S.W.3d 570, 576–77 (Tex. Crim. App. 2012) (explaining that when the State alleges that a defendant violated a condition of supervision by failing to successfully complete or participate in a program or service provided by a third-party, and that third-party exercised its discretion in discharging the defendant from the program or service, due process requires appellate courts to "examine the third-party's use of its discretion to ensure that it was used on a basis that was rational and connected to the purposes of community supervision").

we conclude that the greater weight of the credible evidence was sufficient to create a reasonable belief that McClure "failed to participate in mental health treatment as directed." *See Rickels*, 202 S.W.3d at 763–64. Having determined that the evidence was legally sufficient to establish that McClure violated at least one condition of his community supervision, we overrule McClure's issue.[2] *See Smith*, 286 S.W.3d at 342.

## IV. CONCLUSION

We affirm the trial court's judgment.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
14th day of August, 2025.

---

[2] McClure also argues that the evidence was legally insufficient to support the trial court's finding that he violated a no-contact condition of his supervision. Given our holding, we do not reach this sub-issue. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").