**Keith JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–02–270–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 29, 2003.

Keith Jones, Beeville, pro se.

Carlos Valdez, Nueces County Dist. Atty., and Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for The State.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

A jury convicted appellant Keith Jones of murder, assessed his punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, imposed a $10,000 fine, and recommended community supervision for ten years. On August 26, 1992, the trial court entered judgment and set the terms and conditions of Jones's community supervision. Jones appeals the revocation of his community supervision on his pleas of true without an agreed punishment recommendation. We affirm.

### I. BACKGROUND

On May 3, 2001, the State filed a motion to revoke alleging Jones violated five separate conditions of his community supervision: (1) condition (B), failure to report; (2) condition (J), failure to pay court costs; (3) condition (K), failure to pay the assessed fine; (4) condition (M), failure to pay restitution; and (5) condition (N), failure to pay court-ordered probation fees.

Jones signed a document entitled "Defendant's Waiver of Rights in Probation Revocation Proceeding" pleading "true" to the counts alleging violations of conditions (J), (K), and (N). The trial court approved Jones's waiver. A paragraph in the waiver indicates Jones understood, by pleading true, that the State did not have to present any evidence and the court could revoke his community supervision and impose the original sentence.

At the revocation hearing almost a year later, the trial court asked Jones, "To the allegation J, K, and N, you have just plead true to, are those true because they are trues? Yes or no?" Jones responded, "Yes, ma'am." The court accepted the pleas of true.

At the revocation hearing, Jones's probation officer testified that Jones: (1) paid the balance of the restitution owed on the day of the hearing; (2) paid nothing toward the $10,000 fine; and (3) made "minimal payments" toward his probation fees. Jones testified he could not find work because he had health problems and was a convicted felon. Nonetheless, he told the court, he had been employed full time in the preceding two years, most recently earning $1,800 a month. Except for two work-related injuries and some periods of unemployment, Jones worked at several jobs since placed on probation in 1992. He admitted periods of up to four years during which he paid nothing toward his court-ordered fees, restitution, and fine. Based on the evidence presented and Jones's pleas of true, the trial court found the evidence sufficient to show violations as alleged of the five terms and conditions of community supervision. The trial court adduced evidence as to disposition, revoked Jones's community supervision, and sentenced him to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.

### II. APPLICABLE APPELLATE RULES

On May 7, 2002, Jones filed a timely notice of appeal generally asserting his

desire to appeal. The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. *See* TEX. CONST. art. I, § 16; *see also Ibarra v. State*, 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX.R.APP. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. TEX. R.APP. P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Jones's right of appeal. *See* TEX.R.APP. P. 25.2(a)(2). Section 23(b) of article 42.12 of the code of criminal procedure affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was the result of an agreed punishment recommendation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2003); *see Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim.App.1998) (interpreting former rule 26.2(b)(3)); *see also Mitich v. State*, 47 S.W.3d 137, 140 (Tex.App.-Corpus Christi 2001, no pet.) (same). We received a supplemental record on July 28, 2003 that includes the trial court's certification of Jones's right of appeal. We now turn to the merits.

### III. DISPOSITION

Jones brings four issues for review. He claims the trial court erred in revoking his community supervision where: (1) there was no evidence to show the condition was violated; (2) he did not enter unqualified pleas of true; (3) he did not have the financial ability to comply with the conditions; and (4) the minimum procedural requirements required of a revocation proceeding were not met.

#### A. Standard of Review

■ A trial court is vested with discretion to revoke an individual's community supervision. *Herrera v. State*, 951 S.W.2d 197, 199 (Tex.App.-Corpus Christi 1997, no pet.). Pleas of true, standing alone, support revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1979); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.-Corpus Christi 1985, no pet.). At the revocation hearing, the State bears the burden of proving by a preponderance of the evidence the violations it alleged in the revocation motion. *Cochran v. State*, 78 S.W.3d 20, 28 (Tex.App.-Tyler 2002, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App.1993)).

■ The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to the testimony. *Cochran*, 78 S.W.3d at 28. We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *Id.* (citing *Jackson v. State*, 645 S.W.2d 303, 304 (Tex.Crim.App.1983)).

#### B. Analysis

##### 1. Failure to Report (Condition B)[1]

■ In his first issue, Jones asserts that the State presented no evidence that he

---

1. The revocation order finds a violation of condition (A), a substantive violation not alleged in the motion to revoke and not proven. We conclude that reference to condition (A) in the revocation order is a typographical error since violation of condition (B) was alleged

failed to report for the two months the State alleged in the motion to revoke. Jones admits that the probation officer testified from a report indicating that Jones did not report for "those months" as alleged in the revocation motion. However, he complains that the record does not prove he failed to report during the months alleged. The State responds that the trial court may consider unobjected-to hearsay testimony no differently than other testimony that the fact finder may either accept or reject. We agree. *See Fernandez v. State*, 805 S.W.2d 451, 455–56 (Tex.Crim.App.1991); *see also Garcia v. State*, 880 S.W.2d 497, 500 (Tex.App.-Corpus Christi 1994, no pet.). Jones did not object to the probation officer's testimony. Further, in response to questioning by the prosecutor, the probation officer testified that there had been allegations that Jones did not report for the months of June and October of 1999. We conclude the State proved by a preponderance of the evidence that Jones failed to report during the two months alleged in the motion to revoke. *See Cochran*, 78 S.W.3d at 28. We overrule Jones's first issue.

### 2. Failure to Pay (Conditions J, K, M, and N)

■ In his second issue, Jones complains that he qualified his pleas of true to the violations of payment conditions to allow him to adduce evidence of his inability to pay. Jones's counsel did announce that Jones qualified his pleas of true to his failure to pay court costs and the fine and reserved the right to present evidence of Jones's inability to pay. As to the allegation Jones failed to pay restitution as ordered, Jones's counsel announced that Jones qualified the plea of true in that he

admitted he did not make all of the payments when due but had paid the balance by the time of the revocation hearing. Jones's plea of true to the allegation he failed to pay his probation fees was unqualified. The State responds that Jones's unqualified plea of true to his failure to pay probation fees, standing alone, is sufficient to support the trial court's order of revocation.

Before hearing evidence, the record shows, in addition to approving Jones's written waiver, the trial court also asked Jones whether his pleas of true to the three allegations of failure to pay were true because they were true. Jones responded affirmatively. The trial court accepted Jones's oral and written pleas of true. Jones did not object to the trial court's acceptance of the pleas without qualification. We conclude that either Jones's admission that he failed to make restitution payments when due, standing alone, or his unqualified plea of true to his failure to pay his probation fees, standing alone, is sufficient to support the trial court's order revoking community supervision. *See Cole*, 578 S.W.2d at 128; *see also Rivera*, 688 S.W.2d at 659. We overrule Jones's second issue.

### 3. Inability to Pay

■ In his third issue, Jones asserts that the trial court abused its discretion in revoking his community supervision because he was unable to pay the ordered amounts due to his health problems and status as a convicted murderer. The inability to pay restitution is an affirmative defense. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp.2003). The burden is on the defendant to prove the defense by a preponderance of the evi-

---

and proved. Jones does not assert on appeal that the State did not allege or prove his

violation of condition (A).

dence. *Id.; Reyes v. State,* 752 S.W.2d 591, 592 (Tex.App.-Corpus Christi 1987, no pet.) (citing *Hill v. State,* 719 S.W.2d 199, 201 (Tex.Crim.App.1986)). The record shows that Jones did not make more than minimal payments toward any of the court-ordered monetary conditions even when he was gainfully employed. Further, although his most recent employment generated $1,800 a month in income, he did not pay as ordered. Finally, his restitution in the amount of $3,880.56 was due by January 1, 1995. Jones paid the full amount only on the date of the hearing, although he had been gainfully employed for two years. We find that Jones did not meet his burden to establish he was unable to pay. *See Reyes,* 752 S.W.2d at 592. We overrule Jones's third issue.

### 4. Due Process

■ In his fourth issue, Jones complains the trial court did not provide a written statement as to the evidence it relied on and its reasons for revoking his probation, citing *Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App. [Panel Op.] 1979). The State responds that Jones waived error by not making the request to the trial court, and, alternatively, that due process was satisfied by the probation revocation order, which incorporated the allegations in the motion to revoke.

We have reviewed the record. Jones did not present a due-process complaint to the trial court. He has not preserved the issue for review. *See* TEX.R.APP. P. 33.1(a)(1). Even if Jones had preserved the error, the motion to revoke satisfied the requisites of due process by providing Jones with sufficient notice of the violations alleged by the State. *See Whisenant v. State,* 557 S.W.2d 102, 105 (Tex.Crim. App.1977). The trial court's order revoking his community supervision found by a preponderance of the evidence that Jones violated the terms and conditions of his community supervision by not paying the court-ordered fine, restitution, probation fees, and court costs the court had ordered him to pay, all as alleged in the revocation motion. We conclude that Jones was provided all the process due him. *See Sappington v. State,* 508 S.W.2d 840, 841–42 (Tex.Crim.App.1974). We overrule Jones's fourth issue.

### IV. CONCLUSION

We have found that the State proved, by a preponderance of the evidence, Jones's violations of the terms and conditions of his community supervision as alleged in the revocation motion. Further, we have found that the revocation motion provided Jones with notice of the violations alleged by the State and therefore satisfied the requisites of due process. Thus, we hold that the trial court did not abuse its discretion in revoking Jones's community supervision. Having found no reversible error, we affirm the order revoking Jones's community supervision.