

**NUMBER 13-09-00001-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**DAVID ROCHA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 377th District Court of Victoria County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, David Rocha, appeals from the trial court's revocation of his "regular" community supervision.[1] On June 16, 2004, pursuant to a plea-bargain agreement, appellant pleaded guilty to forgery, enhanced to a third-degree felony by two prior

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23 (Vernon Supp. 2008).

convictions.[2]  He was sentenced to ten years' imprisonment and assessed a $1,000.00 fine, suspended for ten years.  On September 10, 2008, the State filed a motion to revoke appellant's community supervision, alleging numerous violations, including (1) that appellant committed the offense of assault causing bodily injury—family violence[3] (condition #1); (2) that he failed to pay $240.07 in past-due restitution (condition #20); and (3) that he failed to pay $810.00 in past-due fines.[4]  The court found these three allegations "true" and assessed punishment at nine years' imprisonment and a $1,000.00 fine.  In a single issue, appellant contends the evidence is legally insufficient to support the order of revocation.  We affirm.

## Standard of Review and Applicable Law

In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence.[5]  This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of probation as the State alleged.[6]  Appellate review of an order revoking community supervision is limited to a determination of whether the court abused its

---

[2] *See* TEX. PENAL CODE ANN. §§ 32.21(b), (d); 12.42(a)(1) (Vernon Supp. 2008).

[3] *See id.* § 22.01(a), (b)(2) (Vernon Supp. 2008); TEX. FAM. CODE ANN. §§ 71.004, 71.005 (Vernon 2008).

[4] Appellant answered "not true" to all the State's allegations.

[5] *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.); *Herrera v. State,* 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.) (citing *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)).

[6] *In the Interest of B.C.C.*, 187 S.W.3d 721, 724 (Tex. App.–Tyler 2006, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)); *see also In re M.A. H.,* No. 13-07-426-CV, 2008 Tex. App. LEXIS 6864, at *3-4 (Tex. App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.).

discretion.[7] A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation.[8]

The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to the testimony.[9] We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling.[10]

## Discussion

At the revocation hearing, the State called three witnesses: (1) Jef Strauss, a police officer with the Victoria Police Department; (2) appellant's wife, Sonia Rocha; and (3) Stacy Ann Murray, appellant's probation officer.

Officer Strauss testified that he was dispatched to a disturbance call at the Rochas' residence on August 21, 2008. According to Officer Strauss, Sonia Rocha was crying, complained of pain, and showed him injuries that she alleged were caused by appellant. Sonia's neck was red and her injuries were consistent with her claims that appellant had slapped her, choked her, and pushed her to the ground.

At the time of the fight, Sonia was eight months pregnant.[11] At the revocation hearing, she stated that she did not want to testify in the case. Sonia testified that she "provoked" the fight by attempting to stop appellant from walking down the street. She was

---

[7] *Jones*, 112 S.W.3d at 268; *Lanum v. State,* 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.).

[8] *Herrera,* 951 S.W.2d at 199.

[9] *Jones*, 112 S.W.3d at 268.

[10] *Id.*

[11] She testified that at the time of the hearing, she and appellant had a two-month-old baby.

3

afraid that appellant was going to buy drugs and had heard rumors he was seeing a prostitute that lived down the street. According to Sonia, she pushed appellant, he pushed her, and they "just started going at each other." She admitted that appellant grabbed her and hit her in the face. She stated that he hit her on the side of her face as "a reflex." On cross-examination, Sonia testified that she did not want appellant to go to prison because her two-month-old daughter would be without her father.

A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse.[12] Here, Sonia's testimony that appellant hit her in the face and Officer Strauss's testimony regarding her injuries established, by a preponderance of the evidence, that appellant violated the terms of his community supervision as alleged in the revocation motion.[13]

## Conclusion

We hold that the trial court did not abuse its discretion in revoking appellant's community supervision. We affirm the trial court's order revoking appellant's community supervision.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 28th day of August, 2009.

---

[12] *See* TEX. PENAL CODE ANN. § 22.01(a)(1).

[13] Because of our disposition as to condition #1, we need not address the trial court's findings as to conditions #20 and 21. *See Herrera,* 951 S.W.2d at 199; TEX. R. APP. P. 47.1.