**Opinion filed September 9, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00237-CR & 11-09-00238-CR

_____

## NEGAL ANDRE JOHNSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR19042 & CR19297**

### M E M O R A N D U M   O P I N I O N

In Cause No. 11-09-00237-CR, Negal Andre Johnson pleaded no contest to the offense of assault family violence – enhanced. Pursuant to a plea bargain agreement, the trial court convicted appellant and assessed punishment at ten years confinement and a $750 fine. The trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for five years. In Cause No. 11-09-00238-CR, appellant entered a plea of no contest to the offense of delivery of a controlled substance in a drug-free zone. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt and placed appellant on community supervision for ten years. The State filed a motion to revoke appellant's

community supervision in Cause No. 11-09-00237-CR and to adjudicate guilt in Cause No. 11-09-00238-CR, alleging that appellant violated the terms and conditions of his community supervision in several ways including using marihuana. In both cause numbers, appellant entered a plea of true only to the allegations of violating the terms and conditions of his community supervision by using marihuana. After a hearing, the trial court found that appellant violated the terms and conditions of his community supervision in both cause numbers. The trial court revoked appellant's community supervision in Cause No. 11-09-00237-CR, adjudicated his guilt in Cause No. 11-09-00238-CR, and sentenced him to ten years confinement in each case. We affirm.

In both cause numbers, appellant asserts two issues on appeal. In his first issue, appellant contends that he was denied a separate punishment hearing following the trial court's determination to adjudicate guilt in Cause No. 11-09-00238-CR, citing *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992), as authority. In *Issa*, the court held that a defendant is entitled to a punishment hearing after the adjudication of guilt and that the trial court must allow the defendant the opportunity to present evidence. *Issa*, 826 S.W.2d at 161.

At the hearing, the State asked, "Just to clarify, we are proceeding in a unified fashion in this hearing?" The trial court responded, "Yes." Appellant did not object to the unified proceedings. The State called as a witness Karie Smith, the mother of appellant's child and the victim of the underlying assault charge from Cause No. 11-09-00237-CR. Smith testified that appellant does not pay her child support, and appellant objected to relevance. The State responded, "This is a punishment hearing as well." Appellant did not raise any further objection to Smith's testimony on child support.

At the close of the State's evidence, appellant called witnesses on his behalf. Appellant presented evidence that he would benefit from drug treatment and that the trial court should sentence appellant to a "SAFTP treatment facility." Appellant testified that he could successfully complete a "SAFTP program" and that he could also comply with community supervision after release from the program.

*Issa* does not stand for the absolute right to a separate punishment hearing. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Rather, the trial court is required to provide the defendant an opportunity to present evidence in mitigation of punishment if not afforded during adjudication. *Hardeman*, 1 S.W.3d at 691. The record shows that appellant was given an opportunity to present mitigating evidence and that appellant did present such evidence. It is

2

immaterial that the opportunity to present evidence came before the actual words of adjudication. *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).

Moreover, in *Issa* the court found that the defendant preserved error by filing a motion for new trial after not having an opportunity to object at the hearing. *Issa*, 826 S.W.2d at 161. In the present cases, the trial court gave appellant an opportunity to object by asking if there was a reason why sentence should not be pronounced. *Hardeman*, 1 S.W.3d at 690. Appellant did not object at this time. Appellant did not raise the issue in a motion for new trial. Appellant has not preserved this complaint for appeal. *Hardeman*, 1 S.W.3d at 690. We overrule appellant's first issue on appeal.

In his second issue on appeal, appellant complains that the trial court erred in revoking his community supervision in Cause No. 11-09-00237-CR because "such revocation subserved neither the ends of justice nor the best interests of the public or [appellant]." Appellant presented evidence that he has a drug problem and would benefit from treatment. Appellant specifically argues that the trial court abused its discretion in sentencing him to confinement because the evidence supported a finding of drug treatment and continued community supervision.

Appellant pleaded true to the allegation of using marihuana. A plea of true to even one allegation in the motion to revoke is sufficient to support a judgment revoking community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Jones*, 112 S.W.3d at 268. The trial court heard evidence and assessed punishment within the applicable punishment range. Appellant has not shown that the trial court abused its discretion in revoking his community supervision and assessing punishment. We overrule appellant's second issue on appeal.

The judgments of the trial court are affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

September 9, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3