Opinion filed September 9,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00237-CR & 11-09-00238-CR

                                                    __________

 

                             NEGAL
ANDRE JOHNSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

                                                           Brown
County, Texas

                                       Trial Court Cause
Nos. CR19042 & CR19297 

 



 

                                            M E M O R A N
D U M   O P I N I O N

            

            In
Cause No. 11-09-00237-CR, Negal Andre Johnson pleaded no contest to the offense
of assault family violence – enhanced. Pursuant to a plea bargain agreement,
the trial court convicted appellant and assessed punishment at ten years
confinement and a $750 fine.  The trial court suspended the imposition of the
confinement portion of the sentence and placed appellant on community
supervision for five years.  In Cause No. 11-09-00238-CR, appellant entered a
plea of no contest to the offense of delivery of a controlled substance in a
drug-free zone.   Pursuant to a plea bargain agreement, the trial court
deferred the adjudication of guilt and placed appellant on community
supervision for ten years.  The State filed a motion to revoke appellant’s community
supervision in Cause No. 11-09-00237-CR and to adjudicate guilt in Cause No.
11-09-00238-CR, alleging that appellant violated the terms and conditions of
his community supervision in several ways including using marihuana.  In both
cause numbers, appellant entered a plea of true only to the allegations of
violating the terms and conditions of his community supervision by using
marihuana.  After a hearing, the trial court found that appellant violated the
terms and conditions of his community supervision in both cause numbers.  The
trial court revoked appellant’s community supervision in Cause No.
11-09-00237-CR, adjudicated his guilt in Cause No. 11-09-00238-CR, and
sentenced him to ten years confinement in each case.  We affirm.

            In
both cause numbers, appellant asserts two issues on appeal.  In his first
issue, appellant contends that he was denied a separate punishment hearing
following the trial court’s determination to adjudicate guilt in Cause No.
11-09-00238-CR, citing Issa v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992),
as authority.  In Issa, the court held that a defendant is entitled to a
punishment hearing after the adjudication of guilt and that the trial court must
allow the defendant the opportunity to present evidence.  Issa, 826
S.W.2d at 161.  

            At
the hearing, the State asked, “Just to clarify, we are proceeding in a unified
fashion in this hearing?”  The trial court responded, “Yes.”  Appellant did not
object to the unified proceedings.  The State called as a witness Karie Smith,
the mother of appellant’s child and the victim of the underlying assault charge
from Cause No. 11-09-00237-CR.  Smith testified that appellant does not pay her
child support, and appellant objected to relevance.  The State responded, “This
is a punishment hearing as well.”  Appellant did not raise any further
objection to Smith’s testimony on child support.    

            At
the close of the State’s evidence, appellant called witnesses on his behalf.  Appellant
presented evidence that he would benefit from drug treatment and that the trial
court should sentence appellant to a “SAFTP treatment facility.”  Appellant
testified that he could successfully complete a “SAFTP program” and that he
could also comply with community supervision after release from the program.  

            Issa

does not stand for the absolute right to a separate punishment hearing.  Hardeman
v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999).  Rather, the trial
court is required to provide the defendant an opportunity to present evidence
in mitigation of punishment if not afforded during adjudication.  Hardeman,
1 S.W.3d at 691.  The record shows that appellant was given an opportunity to
present mitigating evidence and that appellant did present such evidence.  It
is immaterial that the opportunity to present evidence came before the actual
words of adjudication.  Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim.
App. 1999).

            Moreover,
in Issa the court found that the defendant preserved error by filing a
motion for new trial after not having an opportunity to object at the hearing. 
Issa, 826 S.W.2d at 161.   In the present cases, the trial court gave
appellant an opportunity to object by asking if there was a reason why sentence
should not be pronounced.  Hardeman, 1 S.W.3d at 690.  Appellant did not
object at this time.  Appellant did not raise the issue in a motion for new
trial.  Appellant has not preserved this complaint for appeal.  Hardeman,
1 S.W.3d at 690.  We overrule appellant’s first issue on appeal.

            In
his second issue on appeal, appellant complains that the trial court erred in
revoking his community supervision in Cause No. 11-09-00237-CR because “such
revocation subserved neither the ends of justice nor the best interests of the
public or [appellant].”  Appellant presented evidence that he has a drug
problem and would benefit from treatment.  Appellant specifically argues that
the trial court abused its discretion in sentencing him to confinement because
the evidence supported a finding of drug treatment and continued community
supervision.

            Appellant
pleaded true to the allegation of using marihuana.  A plea of true to even one
allegation in the motion to revoke is sufficient to support a judgment revoking
community supervision.  Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
1979); Jones v. State, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi
2003, no pet.).  At a revocation hearing, the trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony. Jones,
112 S.W.3d at 268.  The trial court heard evidence and assessed punishment
within the applicable punishment range.  Appellant has not shown that the trial
court abused its discretion in revoking his community supervision and assessing
punishment.  We overrule appellant’s second issue on appeal.

            The
judgments of the trial court are affirmed.

                                                                                    

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

September 9,
2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.