NUMBER 13-09-00700-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

CATARINO GUTIERREZ,                                                            Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                   Appellee.

                                                                                                                     
  

 

On appeal from the 105th
District Court 

of Kleberg County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Benavides, Vela, and Perkes   

Memorandum Opinion by
Justice Perkes 

 

            Appellant,
Catarino Gutierrez, appeals the trial court’s judgment revoking his community
supervision.  In the underlying case, pursuant to a plea-bargain agreement,
appellant pleaded guilty to possession of between five and fifty pounds of
marihuana, a third-degree felony.  See Tex.
Health & Safety Code Ann. § 481.121 (West 2002).  Pursuant to the
plea agreement, the trial court sentenced appellant to ten years of confinement
in the Texas Department of Criminal Justice, Institutional Division, and
assessed a $2,800 fine.  The court then suspended the imposition of the sentence
and placed appellant on community supervision for a period of ten years.  

Following
a revocation hearing, the trial court revoked appellant’s community supervision
and sentenced him to a term of ten years of confinement in the Texas Department
of Criminal Justice, Institutional Division, plus the $2,800 fine.  The trial
court ordered the sentence to be served consecutively with appellant’s sentence
in a federal case, so that the sentence will begin when appellant’s sentence in
the federal case is discharged.[1] 


By
two issues, appellant argues (1) the trial court erred by
not allowing him to present mitigating evidence at the revocation hearing after
the trial court rejected the State’s recommendation that appellant be sentenced
to a five-year prison term; and (2) his counsel at the revocation hearing
rendered ineffective assistance.  We affirm.

I.  FACTUAL AND
PROCEDURAL BACKGROUND

At
the hearing on the State’s first amended motion to revoke appellant’s community
supervision, appellant pleaded “true” to the modified first count that “on or
about November 2003 through February 8, 2007,” he was involved in a “conspiracy
to possess with intent to distribute more than 1,000 kilograms of mari[h]uana .
. . .”[2]
In addition, appellant pleaded “true” to the remaining seven counts, including
failing to avoid injurious or vicious habits and/or avoid the unlawful use of
drugs, narcotics, or any other controlled substances, having tested positive
for cocaine on two separate occasions; failing to avoid persons or places of
disreputable or harmful character; failing to report on numerous occasions;
failing to remain within the county; failing to make payments on his fine; and
failing to pay his supervision fee. 

During
the revocation hearing, and prior to receiving appellant’s plea of “true” to
the State’s allegations, the trial court was given a set of documents which
included the Court’s Written Admonishments to Defendant in Revocation and/or
Adjudication Proceeding; Defendant’s Statement Understanding Admonishments;
Defendant’s Waiver of Rights; and Counsel’s Certificate of Consultation and
Consent to Waiver.  Both appellant and his counsel signed the respective
documents.  Before approving the documents, the trial court inquired, as
follows:  

The Court:                 Have
you had plenty of time to talk with your lawyer about the case and to discuss
with him any possible defenses that you may have to the charges against you?

 

Mr. Gutierrez:            Yes, sir. 

 

The Court:                And
are you satisfied with the way that your lawyer has represented you?

 

Mr. Gutierrez:           Yes, sir.

 

The Court:                 I
show you the Court’s written admonishments in which the Court explains to you
in writing your rights under the law in revocation proceedings.  It contains
also a waiver of rights.  Did you read this entire document yourself?

 

Mr. Gutierrez:           Yes, sir.

 

The Court:                Do
you understand everything that is contained in this document?

 

Mr. Gutierrez:           Yes, sir.

 

The Court:                Did you freely and
voluntarily sign this document?

Mr. Gutierrez:           Yes, sir.

 

The
trial court approved the documents, and appellant pleaded “true” to all of the
alleged community-supervision violations.  The written admonishments provide
that pleading “true” means the State would not be required to offer any
evidence in order for the court to revoke community supervision.  In addition,
the admonishments and defendant’s statement understanding the admonishments state
that there is no plea bargaining in revocation proceedings and that if the
trial court did not follow the State’s punishment recommendation, appellant
would not be allowed to withdraw his plea of “true.”  

Thereafter,
the State recommended that the trial court sentence appellant to a term of five
years of confinement, to run concurrently with his federal sentence.  The trial
court asked appellant to explain why he violated the terms of his community
supervision by committing the new marihuana offense, and appellant responded he
did not know why, though he admitted the new offense was committed after the
trial court had placed him on community supervision.  Appellant’s counsel stated
appellant was the “mule” not the “mastermind,” and appellant was only trying to
make money to make ends meet.  The trial court rejected the State’s
recommendation and sentenced appellant to a ten-year, consecutive sentence. 
This appeal followed.

II.  discussion

A.     Appellant’s Request to
Withdraw his “True” Pleas at the Revocation Hearing

 

            By his first issue,
appellant argues the trial court erred when it did not allow him to present
mitigating evidence after the trial court rejected the State’s punishment
recommendation.  Appellant maintains that after
sentencing, he should have been allowed to withdraw his pleas of “true” and
given an opportunity to present mitigating evidence.  We review a trial court’s
decision revoking community supervision for an abuse of discretion.  See Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Jones v.
State, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). 
Standing alone, a plea of “true” is sufficient to support a trial court’s
decision to revoke.  Jones, 112 S.W.3d at 268.

            In his brief, appellant concedes there is no
right to withdraw a plea of “true” after sentencing in a revocation case and thus,
a trial court does not abuse its discretion by not allowing a defendant to
withdraw his plea when the trial court does not follow the State’s sentencing
recommendation.  Gutierrez v. State, 108 S.W.3d 304, 309–10 (Tex. Crim.
App. 2003) (en banc).  Appellant was specifically admonished before entering
his pleas that the State’s punishment recommendation was not binding, and that
appellant would not be allowed to withdraw his pleas of “true” if the trial
court rejected the State’s punishment recommendation.  See Lindsey v. State,
902 S.W.2d 9, 13 (Tex. App.—Corpus Christi 1995, no pet.) (reviewing
admonishments and voluntariness of “true” pleas in revocation proceedings).  We
conclude Gutierrez controls appellant’s first issue.  Appellant’s first
issue is overruled.  

B.  Appellant’s Ineffective-Assistance Claim
          By
his second issue, appellant argues he received ineffective assistance of
counsel at the revocation hearing because his counsel (1) failed to present
mitigating punishment evidence in the event the trial court rejected the State’s
punishment recommendation, and (2) failed to advise appellant his sentence in
this case could be consecutive to his federal sentence.  The only evidence
appellant offers in support of his ineffective-assistance claim is the
following statement that counsel made on the record at the revocation hearing,
immediately after the trial court announced the consecutive sentence in this
case:

[Appellant’s
Revocation Counsel]:  Your Honor, you’re saying this one happened afterwards. 
The other conspiracy charge started back prior.  I guess it did start a little
after.  May I have a moment to confer with my client?

 

After apparently conferring with appellant, counsel asked
the trial court for permission to withdraw the pleas of true and for a hearing
on the State’s first amended motion to revoke community supervision.  The trial
court overruled his request.

To
prove ineffective assistance, a defendant must show, (1) by a preponderance of
the evidence, that counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of
the proceedings would have been different.  Strickland v. Washington,
466 U.S. 668, 687–96 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  The defendant must overcome the strong presumption that the
challenged action might have been sound trial strategy. Thompson, 9
S.W.3d at 813.  We will not speculate to find trial counsel ineffective when 








the
record is silent as to counsel's reasoning or strategy.  Godoy v. State, 122
S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).

            Appellant’s
ineffective-assistance claim fails because he has not met his burden under
either step of Strickland.  The record is silent as to trial counsel’s
strategy.  There is no evidence in the record that there was mitigating
evidence for counsel to present or that his decision not to present such
evidence was not sound trial strategy.  There is no evidence in the record that
counsel failed to advise appellant he could receive a consecutive sentence. 
The statement appellant quotes is inconclusive to establish deficient
performance—it is at least equally likely counsel misspoke when he briefly
stated the conspiracy charge started prior to the present offense and then
immediately corrected himself.  The record shows appellant was placed on
community supervision for the present offense in May 2002, and the conspiracy
offense commenced in November 2003.  There is nothing in the record to suggest
that but for counsel’s alleged errors, there is a reasonable probability the
outcome of the proceedings would have been different.  See Thompson, 9
S.W.3d at 813–14.  Appellant’s second issue on appeal is overruled.    

iii.  Conclusion

            We
affirm the trial court’s judgment.

                                                

                                                                                                                                                             

                                                                                         Gregory T. Perkes

                                                                                         Justice

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


24th day of August,
2011. 

 









[1]  The federal conviction case is:  United
States v. Catarino Gutierrez, Jr., Cause No. 2:06CR00380-SS-006, in the
United States District Court for the Southern District of Texas.

 





[2]
The State’s first amended motion
to revoke appellant’s community supervision described the first violation as
involving cocaine and marihuana possession.  The reporter’s record shows the
parties modified the first violation on the record at the revocation hearing to
remove the cocaine allegation.