

# NUMBER 13-09-00700-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **CATARINO GUTIERREZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Catarino Gutierrez, appeals the trial court's judgment revoking his community supervision. In the underlying case, pursuant to a plea-bargain agreement, appellant pleaded guilty to possession of between five and fifty pounds of marihuana, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2002). Pursuant to the plea agreement, the trial court sentenced appellant to ten years of

confinement in the Texas Department of Criminal Justice, Institutional Division, and assessed a $2,800 fine. The court then suspended the imposition of the sentence and placed appellant on community supervision for a period of ten years.

Following a revocation hearing, the trial court revoked appellant's community supervision and sentenced him to a term of ten years of confinement in the Texas Department of Criminal Justice, Institutional Division, plus the $2,800 fine. The trial court ordered the sentence to be served consecutively with appellant's sentence in a federal case, so that the sentence will begin when appellant's sentence in the federal case is discharged.[1]

By two issues, appellant argues (1) the trial court erred by not allowing him to present mitigating evidence at the revocation hearing after the trial court rejected the State's recommendation that appellant be sentenced to a five-year prison term; and (2) his counsel at the revocation hearing rendered ineffective assistance. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the hearing on the State's first amended motion to revoke appellant's community supervision, appellant pleaded "true" to the modified first count that "on or about November 2003 through February 8, 2007," he was involved in a "conspiracy to possess with intent to distribute more than 1,000 kilograms of mari[h]uana . . . ."[2] In addition, appellant pleaded "true" to the remaining seven counts, including failing to avoid injurious or vicious habits and/or avoid the unlawful use of drugs, narcotics, or any other controlled substances, having

---

[1] The federal conviction case is: *United States v. Catarino Gutierrez, Jr.*, Cause No. 2:06CR00380-SS-006, in the United States District Court for the Southern District of Texas.

[2] The State's first amended motion to revoke appellant's community supervision described the first violation as involving cocaine and marihuana possession. The reporter's record shows the parties modified the first violation on the record at the revocation hearing to remove the cocaine allegation.

2

tested positive for cocaine on two separate occasions; failing to avoid persons or places of disreputable or harmful character; failing to report on numerous occasions; failing to remain within the county; failing to make payments on his fine; and failing to pay his supervision fee.

During the revocation hearing, and prior to receiving appellant's plea of "true" to the State's allegations, the trial court was given a set of documents which included the Court's Written Admonishments to Defendant in Revocation and/or Adjudication Proceeding; Defendant's Statement Understanding Admonishments; Defendant's Waiver of Rights; and Counsel's Certificate of Consultation and Consent to Waiver. Both appellant and his counsel signed the respective documents. Before approving the documents, the trial court inquired, as follows:

The Court: Have you had plenty of time to talk with your lawyer about the case and to discuss with him any possible defenses that you may have to the charges against you?

Mr. Gutierrez: Yes, sir.

The Court: And are you satisfied with the way that your lawyer has represented you?

Mr. Gutierrez: Yes, sir.

The Court: I show you the Court's written admonishments in which the Court explains to you in writing your rights under the law in revocation proceedings. It contains also a waiver of rights. Did you read this entire document yourself?

Mr. Gutierrez: Yes, sir.

The Court: Do you understand everything that is contained in this document?

Mr. Gutierrez: Yes, sir.

The Court: Did you freely and voluntarily sign this document?

3

Mr. Gutierrez:       Yes, sir.

The trial court approved the documents, and appellant pleaded "true" to all of the alleged community-supervision violations. The written admonishments provide that pleading "true" means the State would not be required to offer any evidence in order for the court to revoke community supervision. In addition, the admonishments and defendant's statement understanding the admonishments state that there is no plea bargaining in revocation proceedings and that if the trial court did not follow the State's punishment recommendation, appellant would not be allowed to withdraw his plea of "true."

Thereafter, the State recommended that the trial court sentence appellant to a term of five years of confinement, to run concurrently with his federal sentence. The trial court asked appellant to explain why he violated the terms of his community supervision by committing the new marihuana offense, and appellant responded he did not know why, though he admitted the new offense was committed after the trial court had placed him on community supervision. Appellant's counsel stated appellant was the "mule" not the "mastermind," and appellant was only trying to make money to make ends meet. The trial court rejected the State's recommendation and sentenced appellant to a ten-year, consecutive sentence. This appeal followed.

## II.   DISCUSSION

### A.   Appellant's Request to Withdraw his "True" Pleas at the Revocation Hearing

By his first issue, appellant argues the trial court erred when it did not allow him to present mitigating evidence after the trial court rejected the State's punishment recommendation. Appellant maintains that after sentencing, he should have been allowed

4

to withdraw his pleas of "true" and given an opportunity to present mitigating evidence. We review a trial court's decision revoking community supervision for an abuse of discretion. *See Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Jones v. State,* 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). Standing alone, a plea of "true" is sufficient to support a trial court's decision to revoke. *Jones,* 112 S.W.3d at 268.

In his brief, appellant concedes there is no right to withdraw a plea of "true" after sentencing in a revocation case and thus, a trial court does not abuse its discretion by not allowing a defendant to withdraw his plea when the trial court does not follow the State's sentencing recommendation. *Gutierrez v. State,* 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) (en banc). Appellant was specifically admonished before entering his pleas that the State's punishment recommendation was not binding, and that appellant would not be allowed to withdraw his pleas of "true" if the trial court rejected the State's punishment recommendation. *See Lindsey v. State,* 902 S.W.2d 9, 13 (Tex. App.—Corpus Christi 1995, no pet.) (reviewing admonishments and voluntariness of "true" pleas in revocation proceedings). We conclude *Gutierrez* controls appellant's first issue. Appellant's first issue is overruled.

## B. Appellant's Ineffective-Assistance Claim

By his second issue, appellant argues he received ineffective assistance of counsel at the revocation hearing because his counsel (1) failed to present mitigating punishment evidence in the event the trial court rejected the State's punishment recommendation, and (2) failed to advise appellant his sentence in this case could be consecutive to his federal sentence. The only evidence appellant offers in support of his ineffective-assistance claim

is the following statement that counsel made on the record at the revocation hearing, immediately after the trial court announced the consecutive sentence in this case:

> [Appellant's Revocation Counsel]: Your Honor, you're saying this one happened afterwards. The other conspiracy charge started back prior. I guess it did start a little after. May I have a moment to confer with my client?

After apparently conferring with appellant, counsel asked the trial court for permission to withdraw the pleas of true and for a hearing on the State's first amended motion to revoke community supervision. The trial court overruled his request.

To prove ineffective assistance, a defendant must show, (1) by a preponderance of the evidence, that counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–96 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must overcome the strong presumption that the challenged action might have been sound trial strategy. *Thompson,* 9 S.W.3d at 813. We will not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy. Godoy v. State, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

Appellant's ineffective-assistance claim fails because he has not met his burden under either step of *Strickland.* The record is silent as to trial counsel's strategy. There is no evidence in the record that there was mitigating evidence for counsel to present or that his decision not to present such evidence was not sound trial strategy. There is no evidence in the record that counsel failed to advise appellant he could receive a

6

consecutive sentence. The statement appellant quotes is inconclusive to establish deficient performance—it is at least equally likely counsel misspoke when he briefly stated the conspiracy charge started prior to the present offense and then immediately corrected himself. The record shows appellant was placed on community supervision for the present offense in May 2002, and the conspiracy offense commenced in November 2003. There is nothing in the record to suggest that but for counsel's alleged errors, there is a reasonable probability the outcome of the proceedings would have been different. *See Thompson*, 9 S.W.3d at 813–14. Appellant's second issue on appeal is overruled.

## III.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of August, 2011.

7