

**NUMBERS 13-12-00092-CR & 13-12-00093-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **RAYMOND BROUSSARD,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

**On appeal from the 94th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

By one issue in this consolidated appeal,[1] appellant Raymond Broussard contends that the trial court abused its discretion when it revoked his community supervision. We affirm.

---

[1] We granted appellant's motion to consolidate appeals because the trial court held a single hearing on motions to revoke community supervision. *See* TEX. R. APP. P. 47.1

# I. BACKGROUND[2]

In February 2007, Broussard was convicted for possession of cocaine (Cause No. 13-12-0093-CR), a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (West 2010). He was sentenced to two years of community supervision.[3] In March 2007, Broussard was convicted for injury to a child (Cause No. 13-12-0092-CR), a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.04 (West 2011). The trial court sentenced him to seven years of community supervision.

In 2011, the State sought to revoke Broussard's community supervision in both causes. The State alleged that Broussard violated various conditions of his community supervision including: (1) committing an aggravated robbery; (2) failing to report to his community supervision officer for June 2011; (3) failing to pay court costs; (4) failing to attend a drug offender education program; (5) failing to attend a felony victim impact panel; (6) failing to complete 120 hours of community service restitution; (7) associating with known felons/drug dealers/users; and (8) failing to observe the curfew imposed by the terms of the community supervision.

Broussard pleaded "true" to allegations 3, 5, 6, 7, and 8 above. Broussard pleaded "not true" to the remaining allegations. At the hearing, testimony was received from community supervision officers, the victim of the alleged aggravated robbery, the Corpus Christi police officer who arrested Broussard the night of the alleged aggravated robbery, the crime scene investigator who processed the scene of the aggravated robbery, and Broussard. *See id.* § 29.03 (West 2011). At the conclusion of the

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] This term was later extended by three years.

hearing, the trial court found allegations one (aggravated robbery) and two (failure to report) to be "true" and found allegation four (failure to attend a drug offender education program) to be "not true."

Accordingly, the trial court revoked Broussard's community supervision terms on the possession of cocaine and on the injury to a child charges and sentenced Broussard to two years and seven years' imprisonment, respectively, in the Texas Department of Criminal Justice—Institutional Division. This appeal ensued.

## II. MOTION TO REVOKE

By one issue, Broussard asserts that the trial court abused its discretion for finding that Broussard's commission of an aggravated robbery was "true" because the evidence was insufficient to support the trial court's conclusion.

### A. Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.).

In determining questions regarding sufficiency of the evidence in revocation cases, the State bears the burden to prove by a preponderance of the evidence the allegations asserted. *See Rickels*, 202 S.W.3d at 763. In other words, the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation must support the trial court's order. *Id.* We view the evidence in a light most favorable to the trial court's judgment. *See Jones*, 112 S.W.3d at 268; *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Furthermore, the trial court is the exclusive judge of the

credibility of the witnesses and must determine whether the allegations in the motion to revoke are sufficiently demonstrated. *Canseco*, 199 S.W.3d at 438.

## B.     Discussion

Here, Broussard argues that the evidence does not support the trial court's finding of true regarding his role in the alleged aggravated robbery. We disagree. C.M., the victim of the alleged aggravated robbery, testified that Broussard was one of three attackers who physically assaulted him around midnight on September 23, 2011 and took $70 from his front pants pocket inside of his Corpus Christi, Texas apartment. C.M. also testified that he did not know any of his alleged attackers prior to this incident. The trial court also admitted C.M.'s telephone call to 911 emergency operators immediately following the attack. Our review of the 911 call indicates that C.M.'s account to emergency operators that night matched his testimony to the trial court at the revocation hearing.

Broussard admitted that he visited C.M.'s home on the night in question along with two male friends, as well as his girlfriend, Cecilia, who Broussard described as a "known prostitute." Broussard testified that he and his friends accompanied Cecilia so that she could collect money owed to her by C.M. for sexual services rendered. Broussard testified that C.M. did not want to pay Cecilia and eventually Broussard's friend, Ricky Perales, struck C.M. on Cecilia's orders. C.M. contended that he gave the $70 to his attackers, after Perales continued to beat him. Broussard stated that at no point did he strike C.M. during the altercation.

Our review of the record indicates that the trial court did not abuse its discretion because it was within the trial court's discretion, as the exclusive judge of witness

4

credibility and finder of fact, *see Jones*, 112 S.W.3d at 268, to find that the State's allegation that Broussard participated in the aggravated robbery of C.M. was proven true by a preponderance of the evidence.[4]   *See Rickels*, 202 S.W.3d at 763.   Accordingly, Broussard's sole issue is overruled.

### III.    CONCLUSION

The trial court's judgments are affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
23rd day of August, 2012.

---

[4] Even if we assume *arguendo* that the evidence was insufficient to support the trial court's finding of true on the aggravated robbery allegation, the trial court was still within its discretion to revoke Broussard's community supervision.  Pleas of true, standing alone, support revocation of community supervision.  *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979)).  In this case, Broussard pleaded true to five of the eight allegations asserted by the State.  With those five pleas, the trial court was within its discretion to revoke Broussard's community supervision regardless of its finding of true on the aggravated robbery allegation.