

# NUMBER 13-13-00180-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SHARROD JOHNSON,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Benavides**

By two issues, appellant Sharrod Johnson appeals the revocation of his community supervision resulting from an adjudication of guilt for family violence assault enhanced to a felony of the third degree due to an allegation of a prior conviction for the same offense.  TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West, Westlaw through

2013 3d C.S.).   We affirm.

## I.   BACKGROUND

Pursuant to a plea agreement, on September 2, 2010, Johnson pleaded guilty to family violence assault.   *See id.*   The offense was enhanced to a third-degree felony due to a prior conviction for the same offense.   *See id.* § 22.01(b)(2).   Pursuant to the plea agreement, the trial court granted Johnson deferred adjudication and placed him on community supervision for a term of five years.

On October 17, 2012, the State filed a motion to revoke probation, alleging that Johnson had violated eighteen conditions of his community supervision.   Johnson pleaded "true" to eleven of the allegations and was sanctioned with placement in the Intermediate Sanctions Facility (I.S.F.) on the substance abuse track program, but was allowed to remain on community supervision.   The alleged assault causing bodily injury occurred on December 31, 2012 in the Nueces County Jail, while Johnson was awaiting transfer to I.S.F.   As a result of this incident, the State filed another motion to revoke Johnson's community supervision for violating the conditions of his community supervision, namely, for committing an offense against the laws of Texas, *i.e.*, assault causing bodily injury.   *See id.* § 22.01(a)(1).

Johnson pled "not true" to the allegation. The trial court held a hearing on this motion on February 13, 2013. During the guilt phase, the State called one witness, Officer Jennifer Nuñez, the officer on duty at the jail when the alleged assault occurred. Officer Nuñez testified that she had an unobstructed view of Johnson playing cards when, without any physical provocation, he punched another inmate, knocking him unconscious.   According to Officer Nuñez, Johnson struck the other inmate "two or

2

three" more times before he was restrained by another officer. Officer Nuñez testified that after Johnson punched the other inmate, he was "bleeding profusely" and had lacerations and "bumps" on his head. After Officer Nuñez's testimony, the State rested.

The defense then called Johnson to testify. Johnson testified that he was provoked both verbally and physically before elbowing and kneeing the victim in self-defense:

| [Defense Counsel]. | Well, did he call you—what triggered the—I guess the— |
| --- | --- |
| [Johnson]. | Well, I don't know— |
| Q. | —thing between you and him? |
| A. | Well, cause he hit me. There was a lot of name calling. Am I allowed to say that? |
| Q. | Did he call you—well, let me ask you, did he call you a name before he hit you or after? |
| A. | Yes, he called me a name several times before he hit me. |
| Q. | And what did you do in response to that? |
| A. | To him hitting me? |
| Q. | Yes. |
| A. | I tackled him and then I elbowed him and then I kneed him. |
| Q. | So is it your testimony that he threw the first punch? |
| A. | Yes, ma'am. I was still sitting down when he ran across—I ran across to my side of the table, just throw punches at me. I was just lucky enough I dodged the first one, threw my cards down, got caught by the second one, tackled him and then elbowed him and then |

3

kneed him.

Following Johnson's testimony, the defense rested.

The trial court found Officer Nuñez's testimony to be credible, adjudicated Johnson guilty, revoked his community supervision, and sentenced him to six years in prison with credit for any time served. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, Johnson contends that insufficient evidence exists to find that he committed the alleged offense of assault causing bodily injury.

### A. Standard of Review and Applicable Law

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (en banc) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.).

In determining questions regarding sufficiency of the evidence in probation revocation cases, the State bears the burden of proof by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763 (citing *Cardona*, 665 S.W.2d at 493); *see Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Jones*, 112 S.W.3d at 268. "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). In a probation revocation proceeding, the trial court is the sole judge of the credibility of the witnesses and determines whether the allegations in the motion to

4

revoke are true or not. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *see also Martinez v. State*, 6 S.W.3d 674, 680 (Tex. App.—Corpus Christi 1999, no pet.).

**B.    Analysis**

Johnson contends that the evidence presented during the hearing to revoke community supervision was insufficient to find he committed the alleged assault causing bodily injury.   Without referencing authority, Johnson first argues that even though the trial judge acknowledged the conflicting testimony, absent testimony from the other inmate, the "confrontation should be seen as mutual combat, at best, with [Johnson] defending his person from further attacks by the [other inmate]."   We are not persuaded by this argument.

The trial court was the sole judge in determining the credibility of Officer Nuñez and Johnson's testimony.   *See Garrett,* 619 S.W.2d at 174.   Upon hearing Officer Nuñez's testimony, the trial court acknowledged that the testimony was conflicting, but found the allegation to be true because it believed Officer Nuñez to be a credible witness.   *See id.*   In finding Officer Nuñez's testimony to be credible, the trial court found by a preponderance of the evidence that Johnson committed the assault causing bodily injury, thereby violating the terms of community supervision.

Second, Johnson argues that "the injuries to the [other inmate] could very well have resulted of his falling on the concrete floor of the jail . . . and not necessarily the result of [Johnson] trying to defend his person from attack by the [other inmate]."   Again, we disagree.   This claim is premised on Johnson's "mutual combat" theory of the incident, one which the trial court expressly rejected.   *See id.*   Viewing the evidence

5

most favorable to the verdict, we conclude that the trial court did not abuse its discretion in finding that Johnson violated the terms of his community supervision by committing assault causing bodily injury. *See Rickels*, 202 S.W.3d at 763. Johnson's first issue is overruled.

### III. PROPORTIONALITY OF THE PUNISHMENT

By his second issue, Johnson alleges that the punishment assessed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

### A. Standard of Review and Applicable Law

The Eighth Amendment of the United States Constitution provides "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. This right can be waived if a defendant fails to object to a sentence on this basis. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see also* TEX. R. APP. P. 33.1(a).

### B. Analysis

Here, the record shows that Johnson neither raised the arguments he now makes on appeal when the trial court pronounced his sentence, nor raised the argument in a motion for a new trial. Therefore, Johnson has not preserved this issue for our review. *See Rhoades*, 934 S.W.2d at 120. We overrule Johnson's second issue.

6

## IV.   CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
10th day of July, 2014.